IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIRELLI ARMSTRONG TIRE CORPORATION RETIREE MEDICAL BENEFITS TRUST, derivatively on behalf of WELLS FARGO & COMPANY, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN G. STUMPF, *et al.*,<br><br>Defendants._____/ | No. C 11-2369 SI; Related Case Nos. C 11-2548 SI; C 11-2577 SI; C 11-2662 SI; C 11-3006 SI; and C 11-3069 SI<br><br>**ORDER GRANTING UNOPPOSED MOTIONS TO CONSOLIDATE RELATED ACTIONS; APPOINTING CO-LEAD PLAINTIFFS AND CO-LEAD COUNSEL** |

On July 29, 2011, the Court held a hearing on plaintiffs' motions to consolidate actions and to appoint lead plaintiffs and lead counsel. For the reasons set forth in this order, the Court GRANTS the unopposed motions to consolidate, GRANTS the motion to appoint lead plaintiffs and co-lead counsel filed by plaintiffs Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust and City of Westland Police and Fire Retirement System, and DENIES the motion to appoint lead plaintiffs and co-lead counsel filed by plaintiffs Gerald Gorberg, Louisiana Municipal Police Employees Retirement System, IBEW Local Union 98, Oakland County Employees' Retirement System and Laborers' District Council and Contractors Pension Fund of Ohio.

## DISCUSSION

### I. Consolidation

Now pending before the Court are six related shareholder derivative actions filed on behalf of nominal party Wells Fargo & Company. Plaintiffs have moved to consolidate these cases, and no party

has objected.

"When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." Fed. R. Civ. P. 42(a). The Court has broad discretion to order consolidation of cases pending in the same district. *See Investors Research Co. v. U.S. Dist. Court for Central Dist. of Cal.*, 877 F.2d 777 (9th Cir. 1989).

The Court finds that consolidation is appropriate, and GRANTS the motions to consolidate. There is substantial factual and legal overlap among the six cases. Consolidation of these cases is in the interest of judicial economy, and will eliminate duplicative discovery and motion practice.

## II. Lead plaintiffs and lead counsel

There are two competing motions for appointment of lead plaintiff and lead counsel. Institutional plaintiffs Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust and City of Westland Police and Fire Retirement System seek appointment as co-lead plaintiffs, and they request that the law firms of Robbins, Geller, Rudman & Dowd LLP and Barrett Johnston be appointed as co-lead counsel. The other motion seeks the appointment of four institutional plaintiffs (Louisiana Municipal Police Employees Retirement System; IBEW Local Union 98; Oakland County Employees' Retirement System; and Laborers' District Council and Contractors Pension Fund of Ohio) as co-lead plaintiffs, and the appointment of the Barrack, Rodos & Bacine as lead counsel.

The parties agree that because these are derivative actions, the Court's appointment of lead plaintiff is not governed by the Private Securities Litigation Reform Act, 15 U.S.C. § 78u–4(a)(3)(B). Instead, in appointing lead plaintiff and counsel in a derivative action, the Court considers "'(1) the quality of the pleadings; (2) the vigorousness of the prosecution of the lawsuits; and (3) the capabilities of counsel,' as well as whether counsel 'are qualified and responsible, . . . [whether] they will fairly and adequately represent all of the parties on their side, and . . . [whether] their charges will be reasonable.'" *In re Bank of America Corp. Securities, Derivative, and ERISA Litig.*, 258 F.R.D. 260, 272 (S.D.N.Y 2009) (internal citations omitted, brackets in original). See also Swor..

2

The Court has reviewed the parties' papers and finds that all of the proposed lead plaintiffs are sophisticated institutional shareholders who would be appropriate lead plaintiffs. The Court also finds that all of the proposed law firms have demonstrated that they are qualified and experienced, and are capable of acting as lead counsel.

The lawyers who filed the competing motions both state in their papers that prior to filing the instant motions, they proposed a leadership structure by which Robbins Geller, Barrett Johnson, and Barrack Rodos would jointly prosecute the action on behalf of Wells Fargo shareholders, and that their proposals were rejected by the other side. *See* Williams Reply Decl. ¶ 5 (Docket No. 37); Barrack Decl. ¶ 11 (Docket No. 48-2). At the hearing, the Court inquired of plaintiffs' counsel whether they would be able to work together if the Court appointed the three proposed firms as co-lead counsel. Based on counsel's responses, it is clear that there are sufficient differences in style and approach such that counsel cannot work together as co-lead counsel, and thus the Court must choose between the competing motions.

After review of the factors and taking other considerations into account, the Court appoints the Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust and the City of Westland Police and Fire Retirement System as lead plaintiffs, and Robbins Geller and Barrett Johnston as co-lead counsel. These plaintiffs are sophistical institutional investors, and they have filed well-researched and comprehensive pleadings. Robbins Geller has extensive experience litigating complex shareholder actions, and the firm has been appointed lead counsel in a number of derivative cases. Barrett Johnston similarly has considerable experience litigating complex class and shareholder actions, and the firm has been appointed co-lead counsel in such cases. The Court finds that these two firms will fairly and adequately represent Wells Fargo shareholders, and do so in an economic and efficient fashion.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the motions for consolidation, GRANTS the motion for appointment of lead plaintiff and lead counsel filed by Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust and City of Westland Police and Fire Retirement System, and appoints Robbins Geller and Barrett Johnston as co-lead counsel. The Court DENIES the competing motion for

appointment of lead plaintiff and lead counsel. Docket Nos. 21 & 31 in C 11-2369 SI; Docket Nos. 8, 13 & 21 in C 11-2548 SI; Docket Nos. 3 & 8 in C 11-2577 SI; Docket Nos. 5 & 9 in C 11-2662 SI; Docket No. 4 in C 11-3006 SI; and Docket No. 4 in C 11-3069 SI.

Plaintiffs shall file a master complaint for the consolidated cases in C 11-2369 SI by **August 19, 2011**. All future filings shall be in C 11-2369 SI, and the Clerk shall administratively close the related cases (C 11-2548 SI; C 11-2577 SI; C 11-2662 SI; C 11-3006 SI; and C 11-3069 SI).

**IT IS SO ORDERED.**

Dated: August 3, 2011

SUSAN ILLSTON
United States District Judge