1  ARNOLD & PORTER LLP
   GILBERT R. SEROTA (No. 75305)
2  gilbert.serota@aporter.com
   SARAH A. GOOD (No. 148742)
3  sarah.good@aporter.com
   MARC PRICE WOLF (No. 254495)
4  marc.pricewolf@aporter.com
   JOHN T. YOW (No. 270732)
5  john.yow@aporter.com
   Three Embarcadero Center, 7th Floor
6  San Francisco, California 94111-4024
   Telephone:     +1 415.471-3100
7  Facsimile:      +1 415.471-3400

8  Attorneys for Defendants
   JOHN G. STUMPF, HOWARD I. ATKINS, JOHN D.
9  BAKER II, JOHN S. CHEN, LLOYD H. DEAN, SUSAN
   E. ENGEL, ENRIQUE HERNANDEZ, JR., DONALD M.
10 JAMES, RICHARD D. McCORMICK, MACKEY J.
   McDONALD, CYNTHIA H. MILLIGAN, NICHOLAS G.
11 MOORE, PHILIP J. QUIGLEY, JUDITH M. RUNSTAD,
   STEPHEN W. SANGER and SUSAN G. SWENSON

12

13                  UNITED STATES DISTRICT COURT

14                 NORTHERN DISTRICT OF CALIFORNIA

15 PIRELLI ARMSTRONG TIRE                    Case No. CV 11 2369 SI
   CORPORATION RETIREE MEDICAL
16 BENEFITS TRUST, et al., Derivatively on   Action Filed: May 13, 2011
   Behalf of WELLS FARGO COMPANY,
17                                           **INDIVIDUAL DEFENDANTS'**
                    Plaintiff,               **ANSWER TO AMENDED VERIFIED**
18                                           **SHAREHOLDER DERIVATIVE**
         v.                                  **COMPLAINT FOR BREACH OF**
19                                           **FIDUCIARY DUTY**
   JOHN G. STUMPF, HOWARD I. ATKINS,
20 JOHN D. BAKER II, JOHN S. CHEN, LLOYD
   H. DEAN, SUSAN E. ENGEL, ENRIQUE
21 HERNANDEZ, JR., DONALD M. JAMES,
   RICHARD D. McCORMICK, MACKEY J.
22 McDONALD, CYNTHIA H. MILLIGAN,
   NICHOLAS G. MOORE, PHILIP J. QUIGLEY,
23 JUDITH M. RUNSTAD, STEPHEN W.
   SANGER and SUSAN G. SWENSON,
24
                    Defendants.
25
         and
26
   WELLS FARGO & COMPANY, a Delaware
27 corporation,

28                  Nominal Defendant.

Defendants John G. Stumpf, Howard I. Atkins, John D. Baker II, John S. Chen, Lloyd H. Dean, Susan E. Engel, Enrique Hernandez, Jr., Donald M. James, Richard D. McCormick, Mackey J. McDonald, Cynthia H. Milligan, Nicholas G. Moore, Philip J. Quigley, Judith M. Runstad, Stephen W. Sanger and Susan G. Swenson (collectively, "Individual Defendants"), through their undersigned counsel, hereby submit their Answer and Affirmative Defenses to the Amended Verified Shareholder Derivative Complaint For Breach of Fiduciary Duty ("Amended Complaint"). The Individual Defendants deny each allegation of the Amended Complaint except those expressly admitted below:

1. The Individual Defendants deny the allegation that this action is against the entire Board of Directors for Wells Fargo & Company ("Wells Fargo"). The Individual Defendants otherwise admit the allegations in Paragraph 1.

2. Denied.

3. Denied.

4. Denied.

5. The Individual Defendants admit the Financial Crisis Inquiry Commission issued a report entitled "Financial Crisis Inquiry Report," whose contents speak for itself. The Individual Defendants otherwise deny the allegations of Paragraph 5.

6. The Individual Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 6, and on that basis denies them.

7. The Individual Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 7, and on that basis deny them.

8. Paragraph 8 states legal conclusions to which no response is required. To the extent a response is required, the Individual Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 8, and on that basis deny them.

9. Paragraph 9 states legal conclusions to which no response is required. To the extent a response is required, the Individual Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 9, and on that basis deny them.

10. The Individual Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 10, and on that basis deny them.

11. The Individual Defendants admit the Wall Street Journal published an article entitled "GMAC Spotlight on the 'Robo-Signer'" on September 22, 2010, which speaks for itself.

12. The Individual Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 12, and on that basis deny them.

13. The Individual Defendants admit that Wells Fargo issued a press release on October 12, 2010 which speaks for itself as to its contents. The Individual Defendants otherwise deny the allegations in Paragraph 13.

14. The Individual Defendants admit the National Association of Attorneys General and Mortgage Foreclosure Multistate Group issued a statement on October 13, 2010, which speaks for itself.

15. The Individual Defendants admit that FT.com published on article entitled "Spotlight falls on Wells foreclosure procedures" on October 14, 2010 which speaks for itself as to its contents.

16. The Individual Defendants admit that Messrs. Stumpf and Atkins participated in a call with analysts on October 20, 2010 to discuss Wells Fargo's earnings for the third quarter of 2010. The transcript of the call speaks for itself. The Individual Defendants otherwise deny the allegations in Paragraph 16.

17. The Individual Defendants admit that Wells Fargo issued a news release entitled "Wells Fargo Provides Update on Foreclosure Affidavits And Mortgage Securitizations" on October 27, 2010 which speaks for itself as to its contents. The Individual Defendants deny that the original news release contained the bolded or italicized lettering in Paragraph 17. Paragraph 17 otherwise states legal conclusions to which no response is required. To the extent a response is required, the Individual Defendants deny the allegations in Paragraph 17.

18. The Individual Defendants admit that an individual purporting to be John Liu sent a letter dated November 9, 2010 to Wells Fargo's Corporate Secretary. The contents of the letter speak for itself. The Individual Defendants otherwise deny the allegations in Paragraph 18.

19.     The Individual Defendants admit that an individual purporting to act on behalf of the American Federal of Labor and Congress of Industrial Organizations ("AFL-CIO") wrote to Wells Fargo in a letter dated November 10, 2010 which speaks for itself as to its contents.  The Individual Defendants otherwise deny the allegations in Paragraph 19.

20.     The Individual Defendants admit the New York City Office of the Comptroller issued a news release entitled "$432 Billion Pension Fund Coalition Demands Bank Directors Immediately Examine Foreclosure Practices" which speaks for itself as to its contents.  The Individual Defendants otherwise deny the allegations in Paragraph 20.

21.     The Individual Defendants admit that Wells Fargo filed a Form 10-K with the Securities and Exchange Commission ("SEC") on February 25, 2011 which speaks for itself as to its contents.  Paragraph 21 otherwise states legal conclusions to which no response is required.  To the extent a response is required, the Individual Defendants deny the allegations in Paragraph 21.

22.     The Individual Defendants admit that Wells Fargo filed a Proxy Statement with the SEC on March 21, 2011 which speaks for itself as to its contents.  The Individual Defendants otherwise deny the allegations in Paragraph 22.

23.     The Individual Defendants admit that Wells Fargo entered into a Consent Order with the Comptroller of Currency of the United States of America on March 31, 2011, and a Consent Order with the Board of Governors of the Federal Reserve System on April 13, 2011 which speak for themselves as to their contents.  Paragraph 23 otherwise states legal conclusions to which no response is required.  To the extent a response is required, the Individual Defendants deny the allegations in Paragraph 23.

24.     The Individual Defendants admit that Wells Fargo filed a Form 10-Q with the SEC on May 6, 2011 which speaks for itself as to its contents.  Paragraph 24 otherwise states legal conclusions to which no response is required.  To the extent a response is required, the Individual Defendants deny the allegations in Paragraph 24.

25.     The Individual Defendants admit that Plaintiff purports to establish diversity jurisdiction, but otherwise have insufficient information to admit or deny the citizenship of Plaintiff.

26.     Paragraph 26 states a legal conclusion to which no response is required.  To the extent a response is required, the Individual Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 26, and on that basis denies them.

27.     Paragraph 27 states a legal conclusion to which no response is required.  To the extent a response is required, the Individual Defendants acknowledge that they are not challenging the Court's jurisdiction over them with respect to this action.

28.     The Individual Defendants admit that Wells Fargo is headquartered in San Francisco, California.  The remainder of Paragraph 28 states legal conclusions to which no response is required.  To the extent a response is required, the Individual Defendants acknowledge that they are not challenging the Court's venue in this action.

29.     The Individual Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 29, and on that basis denies them.

30.     The Individual Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 30, and on that basis denies them.

31.     Admitted.

32.     The Individual Defendants admit that John G. Stumpf has served as CEO of Wells Fargo since 2007, as a director since 2006, President since 2005, held a variety of other positions prior to that time and has received proper compensation for his service in these positions.  The Individual Defendants otherwise deny the allegations in Paragraph 32.

33.     The Individual Defendants admit that Howard I. Atkins served as Chief Financial Officer of Wells Fargo from approximately 2001 to 2011, and received proper compensation for his service in this position.  The Individual Defendants also admit that Wells Fargo filed a Form 8-K with the SEC on February 9, 2011 which speaks for itself as to its contents.  The Individual Defendants otherwise deny the allegations in Paragraph 33.

34.     The Individual Defendants admit that John D. Baker III has served as a Wells Fargo director since 2009; currently serves on the Audit and Examination, Corporate Responsibility, and Credit Committees; and has received ordinary and usual fees for his service to the Company.  The Individual Defendants otherwise deny the allegations of Paragraph 34.

35.     The Individual Defendants admit that John S. Chen has served as a Wells Fargo director since 2006 and has received ordinary and usual fees for his service to the Company.  The Individual Defendants otherwise deny the allegations of Paragraph 35.

36.     The Individual Defendants admit that Lloyd H. Dean has served as a Wells Fargo director since 2005; currently serves on the Audit and Examination, Corporate Responsibility, Risk, and Credit Committees; and has received ordinary and usual fees for his service to the Company. The Individual Defendants otherwise deny the allegations of Paragraph 36.

37.     The Individual Defendants admit that Susan E. Engel has served as a Wells Fargo director since 1998; currently serves on the Credit and Finance Committees, and has received ordinary and usual fees for her service to the Company.  The Individual Defendants otherwise deny the allegations of Paragraph 37.

38.     The Individual Defendants admit that Enrique Hernandez, has served as a Wells Fargo director since 2003; currently serves on the Audit and Examination, Corporate Responsibility, Finance and Risk Committees; and has received ordinary and usual fees for his service to the Company.  The Individual Defendants otherwise deny the allegations of Paragraph 38

39.     The Individual Defendants admit that Donald M. James has served as a Wells Fargo director since 2009; currently serves on the Finance Committee, and has received ordinary and usual fees for his service to the Company.  The Individual Defendants otherwise deny the allegations of Paragraph 39.

40.     The Individual Defendants admit that Richard D. McCormick served as a Wells Fargo director from 1983 to 2011 and received ordinary and usual fees for his service to the Company.  The Individual Defendants otherwise deny the allegations of Paragraph 40.

41.     The Individual Defendants admit that Mackey J. McDonald has served as a Wells Fargo director since 2009; currently serves on the Governance and Nominating Committee, and has received ordinary and usual fees for his service to the Company.  The Individual Defendants otherwise deny the allegations of Paragraph 41.

42.     The Individual Defendants admit that Cynthia H. Milligan has served as a Wells Fargo director since 1992; currently serves on the Corporate Responsibility, Credit, Governance and

Nominating, and Risk Committees; and has received ordinary and usual fees for her service to the Company. The Individual Defendants otherwise deny the allegations of Paragraph 42.

43. The Individual Defendants admit that Nicholas G. Moore has served as a Wells Fargo director since 2006; currently serves on the Audit and Examination, Risk, and Credit Committees; and has received ordinary and usual fees for his service to the Company. The Individual Defendants otherwise deny the allegations of Paragraph 43.

44. The Individual Defendants admit that Philip J. Quigley has served as a Wells Fargo director since 1994; currently serves on the Audit and Examination, Governance and Nominating, and Risk Committees; and has received ordinary and usual fees for his service to the Company. The Individual Defendants otherwise deny the allegations of Paragraph 44.

45. The Individual Defendants admit that Judith M. Runstand has served as a Wells Fargo director since 1998; currently serves on the Corporate Responsibility, Credit, and Finance Committees; and has received ordinary and usual fees for her service to the Company. The Individual Defendants otherwise deny the allegations of Paragraph 45.

46. The Individual Defendants admit that Stephen W. Sanger has served as a Wells Fargo director since 2003; currently serves on the Governance and Nominating and Risk Committees, and has received ordinary and usual fees for his service to the Company. The Individual Defendants otherwise deny the allegations of Paragraph 46.

47. The Individual Defendants admit that Susan G. Swenson has served as a Wells Fargo director since 1994; currently serves on the Audit and Examination and Governance and Nominating Committees; and has received ordinary and usual fees for her service to the Company. The Individual Defendants otherwise deny the allegations of Paragraph 47.

48. Paragraph 48 states legal conclusions to which no response is required. To the extent a factual response is required, the Individual Defendants deny the allegations in Paragraph 48.

49. Paragraph 49 states legal conclusions to which no response is required. To the extent a factual response is required, the Individual Defendants deny the allegations of Paragraph 49.

50. The Individual Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 50, and on that basis deny them.

51.     The Individual Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 51, and on that basis deny them.

52.     The Individual Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 52, and on that basis deny them.

53.     The Individual Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 53, and on that basis deny them.

54.     The Individual Defendants admit that an individual purporting to be John Liu sent a letter dated November 9, 2010 to Wells Fargo's Corporate Secretary which speaks for itself as to its contents.  The Individual Defendants otherwise deny the allegations in Paragraph 54.

55.     The Individual Defendants admit that Wells Fargo filed a Proxy Statement with the SEC on March 21, 2011 which speaks for itself as to its contents.  The Individual Defendants otherwise deny the allegations in Paragraph 55.

56.     Paragraph 56 states legal conclusions to which no response is required.  To the extent a response is required, the Individual Defendants deny the allegations and specifically deny that they have in any respect violated any of their fiduciary duties.

57.     Paragraph 57 states legal conclusions to which no response is required.  To the extent a response is required, the Individual Defendants deny the allegations and specifically deny that they have in any respect violated any of their fiduciary duties.

58.     Paragraph 58 states legal conclusions to which no response is required.

59.     Paragraph 59 states legal conclusions to which no response is required.  To the extent a response is required, the Individual Defendants deny the allegations and specifically deny that they have in any respect violated any of their fiduciary duties.

60.     Paragraph 60 states legal conclusions to which no response is required.  To the extent a response is required, the Individual Defendants deny the allegations and specifically deny that they have in any respect violated any of their fiduciary duties.

61.     Paragraph 61 states legal conclusions to which no response is required.  To the extent a response is required, the Individual Defendants deny the allegations in Paragraph 61.

62.     Paragraph 62 states legal conclusions to which no response is required.  To the extent a response is required, the Individual Defendants deny the allegations and specifically deny that they have in any respect violated any of their fiduciary duties.

63.     Admitted.

64.     The Individual Defendants admit that Wells Fargo has Corporate Governance Guidelines which speak for themselves as to their contents.  The Individual Defendants deny that the original document contains bolded or italicized text as indicated in Paragraph 64.

65.     The Individual Defendants admit that Wells Fargo has a Team Member Code of Ethics and Business Conduct which speaks for itself as to its contents.  The Individual Defendants deny that original document contains bolded or italicized text as indicated in Paragraph 65.

66.     The Individual Defendants admit only that they sat on certain committees of the Board of Directors and otherwise deny the allegations in Paragraph 66.

67.     The Individual Defendants admit that Wells Fargo has an Audit and Examination Committee Charter which speaks for itself as to its contents.  The Individual Defendants otherwise deny the allegations in Paragraph 67.

68.     The Individual Defendants admit that Wells Fargo has a Corporate Responsibility Committee Charter which speaks for itself as to its contents.  The Individual Defendants otherwise deny the allegations in Paragraph 68.

69.     The Individual Defendants admit that Wells Fargo has a Credit Committee Charter which speaks for itself as to its contents.  The Individual Defendants otherwise deny the allegations in Paragraph 69.

70.     The Individual Defendants admit that Wells Fargo has a Finance Committee Charter which speaks for itself as to its contents.  The Individual Defendants otherwise deny the allegations in Paragraph 70.

71.     The Individual Defendants admit that Wells Fargo has a Governance and Nominating Committee Charter which speaks for itself as to its contents.  The Individual Defendants otherwise deny the allegations in Paragraph 71.

72.     The Individual Defendants admit that Wells Fargo has a Risk Committee Charter which speaks for itself as to its contents.  Paragraph 72 states legal conclusions to which no response is required.  To the extent a response is required, the Individual Defendants deny the allegations in Paragraph 72.

73.     Denied.

74.     The Individual Defendants admit that Wells Fargo instituted home foreclosure processes.  The Individual Defendants deny the remaining allegations in Paragraph 74.

75.     Denied.

76.     Paragraph 76 states legal conclusions to which no response is required.  To the extent a response is required, the Individual Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 76, and on that basis denies them.

77.     The Individual Defendants admit that Mr. Atkins participated in a conference call with analysts on October 20, 2010 and made statements that speak for themselves.  The Individual Defendants deny the remaining allegations in Paragraph 77.

78.     The Individual Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 78, and on that basis denies them.

79.     The Individual Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 79, and on that basis denies them.

80.     The Individual Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 80, and on that basis denies them.

81.     The Individual Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 81, and on that basis denies them.

82.     Paragraph 82 states legal conclusions to which no response is required.  To the extent a response is required, the Individual Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 82, and on that basis denies them.

83.     The Individual Defendants admit that Xee Mou provided deposition testimony on March 9, 2010 in the case of *Wells Fargo Bank, NA v. John P. Stipek, et al*., and that the certified

transcript contains an account of her testimony.  The Individual Defendants otherwise deny the allegations in Paragraph 83.

84.     The Individual Defendants admit that Xee Mou provided deposition testimony on March 9, 2010 in the case of *Wells Fargo Bank, NA v. John P. Stipek, et al*, and that the certified transcript contains an account of her testimony.  The Individual Defendants otherwise deny the allegations in Paragraph 84.

85.     The Individual Defendants admit that Xee Mou provided deposition testimony on March 9, 2010 in the case of *Wells Fargo Bank, N.A. v. John P. Stipek, et al*, and that the certified transcript contains an account of her testimony.  The Individual Defendants otherwise deny the allegations in Paragraph 85.

86.     The Individual Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 86, and on that basis denies them.

87.     The Individual Defendants admit that John Kennerty provided deposition testimony on May 20, 2010 in the case of *Geline v. Northwest Trustee Services, et. al*, and that the certified transcript contains an account of his testimony.  The Individual Defendants otherwise deny the allegations in Paragraph 87.

88.     The Individual Defendants admit that Stanley Silva provided deposition testimony on January 4, 2011 in the case of *Jones v. Wells Fargo Bank, N.A., et al*, and that the certified transcript contains an account of his testimony.  The Individual Defendants otherwise deny the allegations in Paragraph 88.

89.     The Individual Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 89, and on that basis denies them.

90.     The Individual Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 90, and on that basis denies them.

91.     Paragraph 91 states legal conclusions to which no response is required.  To the extent a response is required, the Individual Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 91, and on that basis denies them.

92.     Paragraph 92 states legal conclusions to which no response is required.  To the extent a response is required, the Individual Defendants deny the allegations in Paragraph 92.

93.     Paragraph 93 states legal conclusions to which no response is required.  To the extent a response is required, the Individual Defendants deny the allegations in Paragraph 93

94.     The Individual Defendants deny that the Amended Complaint quotes the "relevant part" of an April 21, 2010 Wells Fargo news release. The Individual Defendants otherwise admit the allegations in Paragraph 94.

95.     The Individual Defendants admit that Wells Fargo filed a Form 10-Q with the SEC on May 7, 2010 which speaks for itself as to its contents.  The Individual Defendants deny that the original document contains bolded or italicized text as indicated in Paragraph 95.

96.     The Individual Defendants admit that Wells Fargo filed a Form 10-Q with the SEC on May 7, 2010 which speaks for itself as to its contents.  The Individual Defendants deny that the original document contains bolded or italicized text as indicated in Paragraph 96.

97.     The Individual Defendants admit that Wells Fargo filed a Form 10-Q with the SEC on May 7, 2010 which speaks for itself as to its contents.  The Individual Defendants deny that the original document contains bolded or italicized text as indicated in Paragraph 97.

98.     The Individual Defendants admit that Wells Fargo filed a Form 10-Q with the SEC on May 7, 2010 which speaks for itself as to its contents.  The Individual Defendants lack knowledge and information sufficient to form a belief as to allegations in Paragraph 98, and on that basis deny them.

99.     The Individual Defendants admit that Wells Fargo issued a news release entitled "Wells Fargo Reports Net Income of $3.06 Billion; Up 20% From Prior Quarter" on July 21, 2010 which speaks for itself as to its contents.  The Individual Defendants deny the original document contains bolded or italicized text as indicated in Paragraph 99.  Paragraph 99 otherwise states legal conclusions to which no response is required.  To the extent a response is required, the Individual Defendants deny the allegations in Paragraph 99

100.    The Individual Defendants admit that Wells Fargo filed a Form 10-Q with the SEC on August 9, 2010 which speaks for itself as to its contents.  The Individual Defendants deny the

original document contains bolded or italicized text as indicated in Paragraph 100.  Paragraph 100 otherwise states legal conclusions to which no response is required.  To the extent a response is required, the Individual Defendants deny the allegations in Paragraph 100.

101.    The Individual Defendants admit that Wells Fargo filed a Form 10-Q with the SEC on August 9, 2010 which speaks for itself as to its contents.  The Individual Defendants otherwise deny the original document contains bolded or italicized text as indicated in Paragraph 97.

102.    The Individual Defendants admit the Wall Street Journal published an article entitled "GMAC Spotlight on the 'Robo-Signer'" on September 22, 2010 which speaks for itself as to its contents.  The Individual Defendants deny the original document contains bolded or italicized text as indicated in Paragraph 102.  The Individual Defendants otherwise deny the allegations in Paragraph 102.

103.    The Individual Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 103, and on that basis denies them.

104.    The Individual Defendants admit that dailyfinance.com published on article entitled "Robo-signing:  Documents Show Citi and Wells Fargo Also Committed Foreclosure Fraud" on October 2, 2010 which speaks for itself as to its contents.  The Individual Defendants deny the original document contains bolded or italicized text as indicated in Paragraph 104.  The Individual Defendants otherwise deny the allegations in Paragraph 104.

105.    The Individual Defendants admit that a letter was sent from the Office of the Attorney General of the State of North Carolina to James Strother, General Counsel to Wells Fargo, dated October 5, 2010 which speaks for itself as to its contents.  The Individual Defendants deny that the quoted passages contained bolded or italicized lettering in the letter.  The Individual Defendants otherwise deny the allegations in Paragraph 105.

106.    With respect to the first sentence in Paragraph 106, the Individual Defendants admit that a letter was sent from the Office of the Attorney General of the State of North Carolina to James Strother, General Counsel to Wells Fargo, dated October 5, 2010 which speaks for itself as to its contents.  The Individual Defendants lack knowledge and information sufficient to form a belief

as to the allegations in the second sentence Paragraph 106 and on that basis deny it.  The Individual

Defendants otherwise deny the allegations in Paragraph 106.

107.    The Individual Defendants admit that Wells Fargo issued a news release entitled

"Wells Fargo Affirms Affidavit Accuracy" on October 12, 2010 which speaks for itself as to its

contents.  The Individual Defendants deny the original document contains bolded or italicized text

as indicated in Paragraph 107.  The Individual Defendants otherwise lack knowledge and

information sufficient to form a belief as to the allegations in Paragraph 107, and on that basis

denies them.

108.    The Individual Defendants admit the Star Tribune published an article entitled

"Rapid-fire foreclosures alleged at Wells Fargo" on October 13, 2010 which speaks for itself as to

its contents.  The Individual Defendants deny the original document contains bolded or italicized

text as indicated in Paragraph 108.  Paragraph 108 otherwise states legal conclusions to which no

response is required.  To the extent a response is required, the Individual Defendants deny the

allegations in Paragraph 108.

109.    The Individual Defendants admit that FT.com published on article entitled "Spotlight

falls on Well foreclosure procedures" on October 14, 2010 which speaks for itself as to its contents.

The Individual Defendants deny the original document contains bolded or italicized text as

indicated in Paragraph 109.

110.    The Individual Defendants admit that Wells Fargo issued a news release entitled

"Wells Fargo Reports Record Net Income" on October 20, 2010 which speaks for itself as to its

contents.  The Individual Defendants deny the original document contains bolded or italicized text

as indicated in Paragraph 110.  The Individual Defendants otherwise deny the allegations in

Paragraph 110.

111.    The Individual Defendants admit that Messrs. Stumpf and Atkins participated in a

call with analysts on October 20, 2010 to discuss Wells Fargo's earnings for the third quarter of

2010 and that the transcript of such call speaks for itself as to its contents.  The Individual

Defendants otherwise deny the allegations in Paragraph 111.

112.     The Individual Defendants admit that Messrs. Stumpf and Atkins participated in a call with analysts on October 20, 2010 to discuss Wells Fargo's earnings for the third quarter of 2010 and that the transcript of such call speaks for itself as to its contents.  The Individual Defendants otherwise deny the allegations in Paragraph 112.

113.     The Individual Defendants admit that Wells Fargo issued a document entitled "3Q10 Quarterly Supplement" dated October 20, 2010 which speaks for itself as to its contents.  The Individual Defendants deny the original document contains bolded or italicized text as indicated in Paragraph 113.  The Individual Defendants otherwise deny the allegations in Paragraph 113.

114.     The Individual Defendants admit that Wells Fargo issued a press release entitled "Wells Fargo Provides Update on Foreclosure Affidavits And Mortgage Securitizations" on October 27, 2010 which speaks for itself as to its contents.  The Individual Defendants deny the original document contains bolded or italicized text as indicated in Paragraph 114.  Paragraph 114 otherwise states legal conclusions to which no response is required.

115.     The Individual Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 115, and on that basis denies them.

116.     The Individual Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 116, and on that basis denies them.

117.     The Individual Defendants admit that Wells Fargo filed a Form 10-Q with the SEC on November 5, 2010 which speaks for itself as to its contents.  The Individual Defendants deny that the original document contains bolded or italicized text as indicated in Paragraph 117.  Paragraph 117 otherwise states legal conclusions to which no response is required.  To the extent a response is required, the Individual Defendants deny the allegations in Paragraph 117.

118.     The Individual Defendants admit that Wells Fargo filed a Form 10-Q with the SEC on November 5, 2010 which speaks for itself as to its contents.  The Individual Defendants deny the original document contains bolded or italicized text as indicated in Paragraph 118 with the exception of the text appearing at 55:22-25.  Paragraph 118 otherwise states legal conclusions to which no response is required.  To the extent a response is required, the Individual Defendants deny the allegations in Paragraph 118.

119.     The Individual Defendants admit that an individual purporting to be John Liu sent a letter dated November 9, 2010 to Wells Fargo's Corporate Secretary which speaks for itself as to its contents.

120.     The Individual Defendants admit that an individual purported to be John Liu sent a letter dated November 9, 2010 to Wells Fargo's Corporate Secretary which speaks for itself as to its contents.  The Individual Defendants deny the original document contains bolded or italicized text as indicated in Paragraph 120.  The Individual Defendants otherwise deny the allegations in Paragraph 120.

121.     The Individual Defendants admit that an individual purporting to act on behalf of the AFL-CIO sent a letter dated November 10, 2010 to Wells Fargo's Corporate Secretary which speaks for itself as to its contents.  The Individual Defendants deny the original document contains bolded or italicized text as indicated in Paragraph 121.  The Individual Defendants otherwise lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 121, and on that basis deny them.

122.     The Individual Defendants admit that an individual purporting to act on behalf of the AFL-CIO sent a letter dated November 19, 2010 to Wells Fargo's Corporate Secretary which speaks for itself as to its contents.  The Individual Defendants deny the original document contains bolded or italicized text as indicated in Paragraph 122.  The Individual Defendants otherwise deny the allegations in Paragraph 122.

123.     The Individual Defendants admit the Charlotte Observer published an article entitled "N.C. AG questions Wells Fargo foreclosure practices" on November 20, 2010 which speaks for itself as to its contents.  The Individual Defendants deny the original document contains bolded or italicized text as indicated in Paragraph 123.  The Individual Defendants otherwise deny the allegations in Paragraph 123.

124.     The Individual Defendants admit Senator Sherrod Brown made a statement to the Senate Committee on Banking, Housing, and Urban Affairs at a hearing on November 16, 2010 which speaks for itself as to its contents.  The Individual Defendants otherwise deny the allegations in Paragraph 124.

1    125.    Denied.

2    126.    Denied.

3    127.    The Individual Defendants admit that Elizabeth Duke made a statement before the

4    Subcommittee on Housing and Community Opportunity on November 18, 2010 which speaks for

5    itself as to its contents. The Individual Defendants otherwise deny the allegations in Paragraph 127.

6    128.    The Individual Defendants admit that Phyllis Caldwell made a statement before the

7    Subcommittee on Housing and Community Opportunity on November 18, 2010 which speaks for

8    itself as to its contents. The Individual Defendants otherwise deny the allegations in Paragraph 128.

9    129.    The Individual Defendants admit that David Stevens made a statement before the

10   Subcommittee on Housing and Community Opportunity on November 18, 2010 which speaks for

11   itself as to its contents. The Individual Defendants otherwise deny the allegations in Paragraph 129.

12   130.    The Individual Defendants admit that Adam Levitin made a statement before the

13   Subcommittee on Housing and Community Opportunity on November 18, 2010 which speaks for

14   itself as to its contents. The Individual Defendants otherwise deny the allegations in Paragraph 130.

15   131.    The Individual Defendants admit that certain litigation exists the contents of which

16   speak for itself.

17   132.    The Individual Defendants admit that certain litigation exists the contents of which

18   speak for itself.

19   133.    The Individual Defendants admit that certain litigation exists the contents of which

20   speak for itself.

21   134.    The Individual Defendants admit that the New Jersey courts issued a press release on

22   December 20, 2010 entitled "New Jersey Courts Take Steps to Ensure Integrity of Residential

23   Mortgage Foreclosure Process," the contents of which speaks for itself. The Individual Defendants

24   further admit this press release references an administrative order in *In the Matter of Residential*

25   *Mortgage Foreclosure Pleading and Document Irregularities*, the contents of which speak for

26   itself.

27   135.    The Individual Defendants admit that certain litigation exists the contents of which

28   speak for itself.

136.    The Individual Defendants admit that certain litigation exists the contents of which speak for itself.

137.    The Individual Defendants admit that a person purporting to be New York City Controller Liu sent a letter dated January 6, 2011 to the Chairman of the Audit Committee of the Board of Directors which speaks for itself as to its contents.  The Individual Defendants otherwise deny the allegations in Paragraph 137.

138.    The Individual Defendants admit that a person purporting to be New York City Controller Liu sent a letter dated January 6, 2011 to the Chairman of the Audit Committee of the Board of Directors which speaks for itself as to its contents.  The Individual Defendants otherwise deny the allegations in Paragraph 138.

139.    The Individual Defendants admit that a person purporting to be New York City Controller Liu sent a letter dated January 6, 2011 to the Chairman of the Audit Committee of the Board of Directors which speaks for itself as to its contents.  The Individual Defendants otherwise deny the allegations in Paragraph 139.

140.    The Individual Defendants admit the New York City Comptroller issued a press release entitled "$432 Billion Pension Fund Coalition Demands Bank Directors Immediately Examine Foreclosure Practices" on January 9, 2011 which speaks for itself as to its contents.  The Individual Defendants deny the original document contains bolded or italicized text as indicated in Paragraph 140, and otherwise deny the allegations of Paragraph 140.

141.    The Individual Defendants admit the New York City Comptroller issued a press release entitled "$432 Billion Pension Fund Coalition Demands Bank Directors Immediately Examine Foreclosure Practices" on January 9, 2011 which speaks for itself as to its contents.  The Individual Defendants deny the original document contains bolded or italicized text as indicated in Paragraph 141., and otherwise deny the allegations of Paragraph 141.

142.    The Individual Defendants admit that Wells Fargo issued a press release dated January 19, 2011 entitled "Wells Fargo Reports Quarterly and Full Year Net Income; Q4 Net Income of $3.4 billion; Q4 Revenue of $21.5 billion" which speaks for itself as to its contents.  The Individual Defendants otherwise deny the allegations in Paragraph 142.

143.    The Individual Defendants admit that Messrs. Stumpf and Atkins participated in a call with analysts on January 19, 2011 to discuss Wells Fargo's earnings for the fourth quarter of 2010 and that the transcript of such call speaks for itself as to its contents.  The Individual Defendants otherwise deny the allegations in Paragraph 143.

144.    The Individual Defendants admit that Wells Fargo filed a Form 10-K with the SEC February 28, 2011 which speaks for itself as to its contents.  Paragraph 144 otherwise states legal conclusions to which no response is required.  To the extent a response is required, the Individual Defendants deny the allegations in Paragraph 144.

145.    The Individual Defendants admit that Wells Fargo filed a Form 10-K with the SEC February 28, 2011 which speaks for itself as to its contents.  The Individual Defendants otherwise deny the allegations in Paragraph 145.

146.    Denied.

147.    The Individual Defendants admit that Wells Fargo filed a Form 10-K with the SEC February 28, 2011 which speaks for itself as to its contents.  The Individual Defendants deny the original document contains bolded or italicized text as indicated in Paragraph 147.  Paragraph 147 otherwise states legal conclusions to which no response is required.

148.    The Individual Defendants admit that Wells Fargo filed a Proxy Statement with the SEC on March 21, 2011 which speaks for itself as to its contents.  The Individual Defendants deny the original document contains bolded or italicized text as indicated in Paragraph 148 and otherwise deny the allegations in Paragraph 148.

149.    The Individual Defendants admit that Wells Fargo filed a Proxy Statement with the SEC on March 21, 2011 which speaks for itself as to its contents.  The Individual Defendants deny the original document contains bolded or italicized text as indicated in Paragraph 149 and otherwise deny the allegations in Paragraph 149.

150.    Denied

151.    The Individual Defendants admit that Wells Fargo filed a Proxy Statement with the SEC on March 21, 2011 which speaks for itself as to its contents.  The Individual Defendants otherwise deny the allegations in Paragraph 151.

152.    The Individual Defendants admit that Wells Fargo filed a Proxy Statement with the SEC on March 21, 2011 which speaks for itself as to its contents.  The Individual Defendants otherwise deny the allegations in Paragraph 152.

153.    The Individual Defendants admit that Wells Fargo entered into a Consent Order with the Comptroller of Currency of the United States of America on March 31, 2011 which speaks for itself as to its contents.  The Individual Defendants otherwise deny the allegations in Paragraph 153.

154.    The Individual Defendants admit that Wells Fargo entered into a Consent Order with the Board of Governors of the Federal Reserve System on April 13, 2011 which speaks for itself as to its contents.  The Individual Defendants otherwise deny the allegations in Paragraph 154.

155.    The Individual Defendants admit that Wells Fargo entered into a Consent Order with the Comptroller of Currency of the United States of America on March 31, 2011 which speaks for itself as to its contents.  The Individual Defendants otherwise deny the allegations in Paragraph 155.

156.    The Individual Defendants admit that Wells Fargo entered into a Consent Order with the Comptroller of Currency of the United States of America on March 31, 2011, and a Consent Order with the Board of Governors of the Federal Reserve System on April 13, 2011 which speak for themselves as to their contents.  The Individual Defendants otherwise deny the allegations in Paragraph 156.

157.    The Individual Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 157, and on that basis deny them.

158.    The Individual Defendants admit that Wells Fargo entered into a Consent Order with the Comptroller of Currency of the United States of America on March 31, 2011, and a Consent Order with the Board of Governors of the Federal Reserve System on April 13, 2011 which speak for themselves as to their contents.  The Individual Defendants otherwise deny the allegations in Paragraph 158.

159.    Denied.

160.    The Individual Defendants admit that Wells Fargo entered into a Consent Order with the Board of Governors of the Federal Reserve System on April 13, 2011 which speaks for itself as to its contents.  The Individual Defendants otherwise deny the allegations in Paragraph 160.

19

161.    The Individual Defendants admit that Wells Fargo entered into a Consent Order with the Comptroller of Currency of the United States of America on March 31, 2011, and a Consent Order with the Board of Governors of the Federal Reserve System on April 13, 2011 which speak for themselves as to their contents.  The Individual Defendants otherwise deny the allegations in Paragraph 161.

162.    The Individual Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 162, and on that basis denies them.

163.    The Individual Defendants lack knowledge and information sufficient to form a belief as to the allegations in Paragraph 163, and on that basis denies them.

164.    The Individual Defendants admit that Wells Fargo filed its Form 10-Q for 1Q11 on May 5, 2011 which speaks for itself as to its contents.  The Individual Defendants otherwise deny the allegations in Paragraph 164.

165.    Denied.

166.    Denied.

167.    The Individual Defendants admit the Los Angeles Times published an article entitled "Scrutiny of home seizures grows" on May 26, 2011 which speaks for itself as to its contents.  The Individual Defendants deny the original document contains bolded or italicized text as indicated in Paragraph 167.  The Individual Defendants otherwise deny the allegations in Paragraph 167.

168.    The Individual Defendants admit Mortgaging Servicing News published an article entitled "A Win for Embattled MERS and the Banks That Use It" on June 1, 2011 which speaks for itself as to its contents.  The Individual Defendants deny the original document contains bolded or italicized text as indicated in Paragraph 168.  The Individual Defendants otherwise deny the allegations in Paragraph 168.

169.    The Individual Defendants admit the Huffington Post published an article entitled "As Government Nears Accord With Banks, Questions Swirl Over Scope Of Investigation" on July 11, 2011 which speaks for itself as to its contents.  The Individual Defendants deny the original document contains bolded or italicized text as indicated in Paragraph 169.  The Individual Defendants otherwise deny the allegations in Paragraph 169.

170.    The Individual Defendants admit the Huffington Post published an article entitled "As Government Nears Accord With Banks, Questions Swirl Over Scope Of Investigation" on July 11, 2011 which speaks for itself as to its contents.  The Individual Defendants deny the original document contains bolded or italicized text as indicated in Paragraph 170.  The Individual Defendants otherwise deny the allegations in Paragraph 170.

171.    The Individual Defendants admit the Huffington Post published an article entitled "Elizabeth Warren:  Government Hasn't Sufficiently Probed Foreclosure Abuses" on July 15, 2011 which speaks for itself as to its contents.  The Individual Defendants deny the original document contains bolded or italicized text as indicated in Paragraph 171.  The Individual Defendants otherwise deny the allegations in Paragraph 171.

172.    The Individual Defendants admit that Reuters published an article entitled "Special report:  Banks continue robo-signing" on July 18, 2011 which speaks for itself as to its contents. The Individual Defendants deny the original document contains bolded or italicized text as indicated in Paragraph 172.  The Individual Defendants otherwise deny the allegations in Paragraph 172.

173.    The Individual Defendants admit that the Associated Press published an article entitled "Lawmakers call for hearings on robo-signing" on July 19, 2011 which speaks for itself as to its contents.  The Individual Defendants deny the original document contains bolded or italicized text as indicated in Paragraph 173.  The Individual Defendants otherwise deny the allegations in Paragraph 173.

174.    The Individual Defendants admit that Wells Fargo entered into an "Order to Cease and Desist and Order of Assessment of a Civil Money Penalty Issued Upon Consent" on July 20, 2011 which speaks for itself as to its contents.  The Individual Defendants deny the original document contains bolded or italicized text as indicated in Paragraph 174.

175.    The Individual Defendants admit that Wells Fargo entered into an "Order to Cease and Desist and Order of Assessment of a Civil Money Penalty Issued Upon Consent" on July 20, 2011 which speaks for itself as to its contents.  The Individual Defendants deny the original document contains bolded or italicized text as indicated in Paragraph 175.

176.    The Individual Defendants admit that Reuters published an article entitled "Exclusive:  Facing criticism, MERS cuts role in foreclosures," which speaks for itself as to content.  The Individual Defendants deny the original document contains bolded or italicized text as indicated in Paragraph 176.  The Individual Defendants otherwise deny the allegations in Paragraph 176.

177.    The Individual Defendants admit that Wells Fargo filed a Form 10-Q with the SEC on August 5, 2011 which speaks for itself as to its contents.  The Individual Defendants otherwise deny the allegations of Paragraph 177.

178.    Paragraph 178 states legal conclusions to which no response is required.  To the extent a response is required, the Individual Defendants deny all allegations in Paragraph 178.

179.    Paragraph 179 states legal conclusions to which no response is required.  To the extent a response is required, the Individual Defendants deny all allegations in Paragraph 179.

180.    Paragraph 180 states legal conclusions to which no response is required.  To the extent a response is required, the Individual Defendants deny all allegations in Paragraph 180.

181.    Paragraph 181 states legal conclusions to which no response is required.  To the extent a response is required, the Individual Defendants deny all allegations in Paragraph 181.

182.    Paragraph 182 states legal conclusions to which no response is required.  To the extent a response is required, the Individual Defendants deny all the allegations in Paragraph 182.

183.    Paragraph 183 states legal conclusions to which no response is required.  To the extent a response is required, the Individual Defendants deny all the allegations in Paragraph 183.

184.    Denied.

185.    The Individual Defendants admit that Plaintiff did not make  a pre-suit demand on the Wells Fargo Board of Directors.  The Individual Defendants otherwise deny the allegations of Paragraph 185.

186.    The Individual Defendants admit that Wells Fargo filed a Proxy Statement with the SEC on March 20, 2011, that Wells Fargo has an Audit and Examination Committee Charter and a Corporate Responsibility Committee Charter which all speak for themselves as to their contents. The Individual Defendants otherwise deny the allegations of Paragraph 186.

187.    The Individual Defendants admit that Judge Alsup issued an order on August 10, 2010 in *Gutierrez v. Wells Fargo Bank, N.A.*, 730 F. Supp. 2d 1080 (N.D. Cal. 2010) which speaks for itself as to its contents.  The Individual Defendants otherwise deny the allegations of Paragraph 187.

188.    The Individual Defendants admit that Judge Alsup issued an order on August 10, 2010 in *Gutierrez v. Wells Fargo Bank, N.A.*, 730 F. Supp. 2d 1080 (N.D. Cal. 2010) which speaks for itself as to its contents.  The Individual Defendants otherwise deny the allegations of Paragraph 188.

189.    The Individual Defendants admit that Judge Alsup issued an order on August 10, 2010 in *Gutierrez v. Wells Fargo Bank, N.A.*, 730 F. Supp. 2d 1080 (N.D. Cal. 2010) which speaks for itself as to its contents.  The Individual Defendants otherwise deny the allegations of Paragraph 189.

190.    The Individual Defendants admit that Wells Fargo entered into an "Order to Cease and Desist and Order of Assessment of a Civil Money Penalty Issued Upon Consent" on July 20, 2011 which speaks for itself as to its contents.  The Individual Defendants deny the original document contains bolded or italicized text as indicated in Paragraph 190.  Paragraph 190 also states legal conclusions to which no response is required.  To the extent that a response is required, the Individual Defendants deny the allegations of Paragraph 190.

191.    The Individual Defendants incorporate their responses to paragraphs 1-190 above.

192.    Paragraph 192 states legal conclusions to which no response is required.  To the extent a response is required, the Individual Defendants deny the allegations in Paragraph 192.

193.    Denied.

194.    Denied.

195.    Denied.

## PRAYER FOR RELIEF

The Individual Defendants deny that Plaintiffs are entitled to any relief.

## JURY DEMAND

The Individual Defendants deny that Plaintiffs are entitled to a trial by jury.

## AFFIRMATIVE DEFENSES[1]

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part for failure to state a claim upon which relief can be granted against the Individual Defendants.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs lack standing.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part for lack of subject matter jurisdiction.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statute(s) of limitation.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to make demand on Wells Fargo's Board of Directors to initiate this action.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs have not maintained continuous ownership of Wells Fargo stock from the time of the actions complained of in the Amended Complaint to date.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because the Individual Defendants are exculpated from monetary liability under Wells Fargo's Certificate of Incorporation pursuant to Section 102(b)(7) of the Delaware General Corporation Law.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because the Individual Defendants relied in good faith on upon the records of the corporation and upon such information, opinions, reports or statements presented to the corporation by the corporation's officers or employees, committees of

---

[1] The Individual Defendants assert the following affirmative defenses without admitting or conceding that all of the affirmative defenses listed below are affirmative defenses for which they carry the burden of proof.

the board of directors, and other individuals pursuant to Section 141(e) of the Delaware General Corporate law.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because the Individual Defendants' alleged actions are protected by the business judgment rule.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because the Individual Defendants did not breach any fiduciary or contractual duty owed to Wells Fargo or to Plaintiffs.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because neither Plaintiffs nor Wells Fargo have suffered any damages.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' monetary recovery, if any, must be reduced by the valuable benefits conferred by Wells Fargo on Plaintiffs through the actions alleged in the Amended Complaint and any costs to Wells Fargo incurred as a result of those actions.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the equitable doctrine of waiver and estoppel.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the equitable doctrine of laches and unclean hands.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to allege their causes of action with sufficient particularity to enable Wells Fargo to raise all appropriate defenses and, therefore, it reserves the right to add additional defenses as the factual basis for each defense becomes known.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Individual Defendants hereby gives notice that they intend to rely upon any other defense that may become available or appear during the discovery proceedings in this case and hereby reserves the right to amend its Answer to assert any such defenses.


WHEREFORE, the Individual Defendants pray that the Court enter Judgment as follows:

1.      That the Amended Complaint be dismissed with prejudice and that Plaintiff take nothing thereby;

2.      That Judgment be entered on the Amended Complaint in favor of the Individual Defendants;

3.      That the Individual Defendants be awarded their costs and reasonable attorneys' fees; and

4.      That the Individual Defendants be awarded such other relief as the Court deems just, necessary, or proper.

DATED:  April 16, 2012            ARNOLD & PORTER LLP
                                 GILBERT R. SEROTA
                                 SARAH A. GOOD
                                 MARC PRICE WOLF
                                 JOHN T. YOW

                                 By: _____/s/Gilbert R. Serota_____
                                         GILBERT R. SEROTA

                                 Attorneys for Defendants JOHN G. STUMPF, JOHN D.
                                 BAKER II, JOHN S. CHEN, LLOYD H. DEAN, SUSAN E.
                                 ENGEL, ENRIQUE HERNANDEZ, JR., DONALD M.
                                 JAMES, RICHARD D. McCORMICK, MACKEY J.
                                 McDONALD, CYNTHIA H. MILLIGAN, NICHOLAS G.
                                 MOORE, PHILIP J. QUIGLEY, JUDITH M. RUNSTAD,
                                 STEVEN W. SANGER and SUSAN G. SWENSON