IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PIRELLI ARMSTRONG TIRE CORPORATION RETIREE MEDICAL BENEFITS TRUST, derivatively on behalf of WELLS FARGO & COMPANY, *et al.*,

    Plaintiff,

v.

JOHN G. STUMPF, *et al.*,

    Defendants.

and

WELLS FARGO & COMPANY, a Delaware corporation, Nominal Defendant

No. C 11-2369 SI

(Consolidated)

**ORDER DENYING INDIVIDUAL DEFENDANTS' MOTION TO BIFURCATE DISCOVERY**

The individual defendants' motion to bifurcate discovery is scheduled for a hearing on May 18, 2012. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and hereby VACATES the hearing. For the reasons set forth below, the Court DENIES the motion.

**DISCUSSION**

The individual defendants move for an order bifurcating discovery, with the initial phase limited to demand futility. Defendants assert that bifurcated discovery will streamline this case and enable defendants to file a motion for summary judgment on demand futility, which if successful, will end this litigation. Plaintiff opposes the motion, contending that the individual defendants cannot relitigate the

issue of demand futility on summary judgment. Plaintiff contends that under *Zapata Corporation v. Maldonado*, 430 A.2d 779 (1981), once a court has determined that a majority of the board is tainted by self-interest, that board is disqualified from controlling the derivative litigation, and can only regain control of the shareholder's claims by forming a special litigation committee of independent directors, which defendants have not done here. Plaintiff also contends that bifurcation is unworkable because the factual issues of demand futility and breach of fiduciary duty are inextricably intertwined.

The Court has broad discretion to manage discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). The Court agrees with plaintiff that defendants' proposed bifurcation of discovery is impractical and would prove inefficient because there is significant overlap between the demand futility and breach of fiduciary duty issues. Plaintiff alleges that defendants breached their duty of loyalty by, *inter alia*, failing to disclose that in the course of government investigations, Wells Fargo had opposed discovery requests, filed motions to quash, and refused to provide details concerning the Company's policies. These are the same factual issues that defendants propose should be the subject of discovery in the first phase of bifurcated discovery. Under these circumstances, bifurcation would likely lead to disputes regarding whether a fact falls within the demand futility issue or the breach of fiduciary duty issue. Further, if the Court birfurcated discovery and defendants were not successful on their motion for summary judgment[1] on demand futility, phase two of discovery would undoubtedly involve duplicative discovery requests and depositions, resulting in inefficiencies and increased costs for all parties.

---

[1] The Court disagrees with plaintiff that defendants may not bring a motion for summary judgment on demand futility. Defendants cite a number of cases, decided after *Zapata*, in which courts held that defendants could challenge demand futility on a factual record after surviving a motion to dismiss. *See, e.g.*, *Good v. Getty Oil Co.*, 518 A.2d 973, 975 (Del. Ch. 1986); *Oakland Raiders v. Nat'l Football League*, 93 Cal. App. 4th 572, 585 (2001) (finding Delaware corporate law "identical" to California law, and citing *Good* for the proposition that a defendant can raise demand futility as a fact issue in a context other than a motion to dismiss). *Zapata* held that Delaware law allows corporations to respond to a derivative suit by appointing independent directors to a special litigation committee which would investigate the allegations of the derivative suit, and could then move to dismiss the case. *See generally Zapata*, 430 A.2d at 784-89. *Zapata* did not address the question of whether director defendants could challenge demand futility as a factual matter on summary judgment.

**CONCLUSION**

For the foregoing reasons, the Court DENIES defendants' motion to bifurcate discovery. Docket Nos. 96 & 97.

**IT IS SO ORDERED.**

Dated: May 16, 2012

SUSAN ILLSTON
United States District Judge