1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF WESTLAND POLICE AND FIRE RETIREMENT SYSTEM, Derivatively on Behalf of WELLS FARGO & COMPANY, | No. 3:11-cv-02369-SI |
| Plaintiff, | **(Consolidated)** |
| vs. | [~~PROPOSED~~] ORDER PRELIMINARILY APPROVING DERIVATIVE SETTLEMENT AND PROVIDING FOR NOTICE |
| JOHN G. STUMPF, et al., | |
| Defendants, | |
| – and – | |
| WELLS FARGO & COMPANY, a Delaware corporation, | |
| Nominal Defendant. | |

936434_1

1       WHEREAS, the Federal Plaintiff having moved, pursuant to Federal Rule of Civil Procedure

2   23.1, for an order (i) preliminarily approving the proposed derivative settlement of the Federal

3   Action (the "Settlement"), in accordance with a Stipulation of Settlement, dated April 21, 2014 (the

4   "Stipulation"), which, together with the Exhibits annexed thereto, set forth the terms and conditions

5   for a proposed Settlement and dismissal of the Federal Action with prejudice, upon the terms and

6   conditions set forth therein; and (ii) approving the distribution of the Notice of Proposed Derivative

7   Settlement; and

8       WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth

9   in the Stipulation (in addition to those capitalized terms defined herein); and

10       WHEREAS, this Court, having considered the Stipulation and the Exhibits annexed thereto

11   and having heard the arguments of the Settling Parties at the preliminary approval hearing:

12       NOW THEREFORE, IT IS HEREBY ORDERED:

13       1.    This Court does hereby preliminarily approve, subject to further consideration at the

14   Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including

15   the terms and conditions for settlement and dismissal with prejudice of the Federal Action.

16       2.    A hearing (the "Settlement Hearing") shall be held before this Court on <u>July 25</u>,

17   2014, at <u>9:00 a</u>.m., 450 Golden Gate Avenue, San Francisco, California 94102, to determine

18   whether the Settlement of the Federal Action on the terms and conditions provided for in the

19   Stipulation is fair, reasonable and adequate to Wells Fargo & Company ("Wells Fargo") and its

20   stockholders and should be approved by the Court; whether a Judgment as provided in ¶1.10 of the

21   Stipulation should be entered herein; and whether to award attorneys' fees and expenses to

22   Plaintiffs' Counsel.

23       3.    The Court approves, as to form and content, the Notice of Proposed Derivative

24   Settlement annexed as Exhibit A-1 hereto (the "Long-Form Notice") and the Short-Form Notice of

25   Proposed Derivative Settlement annexed as Exhibit A-2 hereto (the "Summary Notice"), and finds

26   that the publication of the Long-Form Notice, Summary Notice and Stipulation, substantially in the

27   manner and form set forth in this Order, meets the requirements of Federal Rule of Civil Procedure

28

1   23.1 and due process, and is the best notice practicable under the circumstances and shall constitute

2   due and sufficient notice to all Persons entitled thereto.

3       4.   Not later than ten (10) business days following entry of this Order, Wells Fargo shall:

4   (a) cause a copy of the Summary Notice, substantially in the form annexed as Exhibit A-2 hereto, to

5   be published one time in the national edition of *The Wall Street Journal* or *New York Times*, (b)

6   cause a copy of the Long-Form Notice, substantially in the form annexed as Exhibit A-1 hereto, and

7   the Stipulation to be filed with the U.S. Securities and Exchange Commission ("SEC") on an SEC

8   Form 8-K or other appropriate filing, and (c)  publish the Stipulation and Long-Form Notice on an

9   Internet page created by Wells Fargo that will be accessible via a link on the "Investor Relations"

10  page of http://www.wellsfargo.com, the address of which shall be contained in the Long-Form

11  Notice and Summary Notice.

12      5.   Not later than twenty-one (21) days after Wells Fargo has complied with ¶4, Wells

13  Fargo's counsel shall serve on Plaintiffs' Counsel and file with the Court proof, by affidavit or

14  declaration, of such publication.

15      6.   All Wells Fargo stockholders shall be bound by all orders, determinations and

16  judgments in the Federal Action concerning the Settlement, whether favorable or unfavorable to

17  Wells Fargo's stockholders.

18      7.   Pending the Effective Date, all proceedings and discovery in the Federal Action shall

19  be stayed except as otherwise provided for in the Stipulation, and no party to the Federal Action or

20  any Wells Fargo stockholders shall file or prosecute any action or proceeding in any court or tribunal

21  relating to the Settlement or asserting any of the Released Claims against the Released Persons.

22      8.   All papers in support of the Settlement and the separately negotiated attorneys' fees

23  and expenses shall be filed with the Court and served at least thirty-five (35) calendar days before

24  the Settlement Hearing and any reply briefs shall be filed with the Court at least seven (7) calendar

25  days before the Settlement Hearing.

26      9.   Any current Wells Fargo stockholder may appear and show cause, if he, she or it has

27  any reason why the terms of the Settlement of the Federal Action should not be approved as fair,

28  reasonable and adequate, or why the District Court Approval Order and Judgment should not be

1  entered thereon, provided, however, unless otherwise ordered by the Court, no current Wells Fargo

2  stockholder shall be heard or entitled to contest the approval of all or any of the terms and conditions

3  of the Settlement, or, if approved, the District Court Approval Order and the Judgment to be entered

4  thereon approving the same, unless that Person has, at least twenty-one (21) calendar days before the

5  Settlement Hearing, filed with the Clerk of the Court and served on the following counsel (delivered

6  by hand or sent by first class mail) appropriate proof of Wells Fargo stock ownership, along with

7  written objections, including the basis therefore, and copies of any papers and briefs in support

8  thereof:

*Counsel for Federal Plaintiff*:

Ellen Gusikoff Stewart
ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101

*Counsel for State Plaintiff*:

Shane P. Sanders
ROBBINS ARROYO LLP
600 B Street, Suite 1900
San Diego, CA  92101

*Counsel for Nominal Defendant Wells Fargo*:

Barbara H. Wright
WELLS FARGO & COMPANY
One Wells Fargo Center
32nd Floor, D1053-300
Charlotte, NC 28202

*Counsel for Defendants John G. Stumpf, Howard I. Atkins, John D. Baker II, John S. Chen, Lloyd H. Dean, Susan E. Engel, Enrique Hernandez, Jr., Donald M. James, Richard D. McCormick, Mackey J. McDonald, Cynthia H. Milligan, Nicholas G. Moore, Philip J. Quigley, Judith M. Runstad, Steven W. Sanger and Susan G. Swenson*:

Gilbert R. Serota
ARNOLD & PORTER LLP
Three Embarcadero Center, 7th Floor
San Francisco, CA  94111-4024

26  The written objections and copies of any papers and briefs in support thereof to be filed in Court

27  shall be delivered by hand or sent by first class mail to:

28

1   Clerk of the Court
     UNITED STATES DISTRICT COURT
2    NORTHERN DISTRICT OF CALIFORNIA
     450 Golden Gate Avenue
3    San Francisco, CA  94102

4   Any current Wells Fargo stockholder who does not make an objection in the manner provided herein

5   shall be deemed to have waived such objection and shall forever be foreclosed from making any

6   objection to the fairness, reasonableness or adequacy of the Settlement as incorporated in the

7   Stipulation and to the award of attorneys' fees and expenses to Plaintiffs' Counsel, unless otherwise

8   ordered by the Court, but shall otherwise be bound by the District Court Approval Order and the

9   Judgment to be entered and the releases to be given.

10          10.     Neither the Stipulation nor the Settlement, including the Exhibits attached thereto, nor

11  any act performed or document executed pursuant to or in furtherance of the Stipulation or the

12  Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered or used in any

13  way as a concession, admission, or evidence of the validity of any Released Claims or any fault,

14  wrongdoing or liability of the Released Persons or Wells Fargo; or (b) is or may be deemed to be or

15  may be used as a presumption, admission, or evidence of any liability, fault or omission of any of the

16  Released Persons or Wells Fargo in any civil, criminal or administrative or other proceeding in any

17  court, administrative agency, tribunal or other forum.  Neither the Stipulation nor the Settlement, nor

18  any act performed or document executed pursuant to or in furtherance of the Stipulation or the

19  Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the

20  Settlement, and except that the Released Persons may file or use the Stipulation, the District Court

21  Approval Order and/or the Judgment in any action that may be brought against them in order to

22  support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith

23  and credit, release, standing,  judgment bar or reduction or any other theory of claim preclusion or

24  issue preclusion or similar defense or counterclaim.

25          11.     The Court reserves the right to adjourn the date of the Settlement Hearing or modify

26  any other dates set forth herein without further notice to Wells Fargo stockholders, and retains

27  jurisdiction to consider all further applications arising out of or connected with the Settlement.  The

28

1    Court may approve the Settlement, with such modifications as may be agreed to by the Settling

2    Parties, if appropriate, without further notice to Wells Fargo stockholders.

3            IT IS SO ORDERED.

4    DATED: ___5/9/14_____        _____
                                        THE HONORABLE SUSAN ILLSTON
5                                        UNITED STATES SENIOR DISTRICT JUDGE

6

7    Submitted by,

8    ROBBINS GELLER RUDMAN
       & DOWD LLP
9    SHAWN A. WILLIAMS
     AELISH M. BAIG
10   EKATERINI M. POLYCHRONOPOULOS

11

12            s/ Shawn A. Williams
          _____
13            SHAWN A. WILLIAMS

14   Post Montgomery Center
     One Montgomery Street, Suite 1800
15   San Francisco, CA  94104
     Telephone:  415/288-4545
16   415/288-4534 (fax)

17   ROBBINS GELLER RUDMAN
       & DOWD LLP
18   TRAVIS E. DOWNS III
     ELLEN GUSIKOFF STEWART
19   RACHEL L. JENSEN
     CHRISTOPHER D. STEWART
20   655 West Broadway, Suite 1900
     San Diego, CA  92101-3301
21   Telephone:  619/231-1058
     619/231-7423 (fax)
22
     BARRETT JOHNSTON, LLC
23   GEORGE E. BARRETT
     DOUGLAS S. JOHNSTON, JR.
24   TIMOTHY L. MILES
     217 Second Avenue, North
25   Nashville, TN  37201-1601
     Telephone:  615/244-2202
26   615/252-3798 (fax)

27   Co-Lead Counsel for Plaintiff

28

# EXHIBIT A-1

1   ROBBINS GELLER RUDMAN
      & DOWD LLP
2   SHAWN A. WILLIAMS (213113)
    AELISH M. BAIG (201279)
3   EKATERINI M. POLYCHRONOPOULOS (284838)
    Post Montgomery Center
4   One Montgomery Street, Suite 1800
    San Francisco, CA  94104
5   Telephone:  415/288-4545
    415/288-4534 (fax)
6   shawnw@rgrdlaw.com
    aelishb@rgrdlaw.com
7   katerinap@rgrdlaw.com
    – and –                                              BARRETT JOHNSTON, LLC
8   TRAVIS E. DOWNS III (148274)                         GEORGE E. BARRETT
    ELLEN GUSIKOFF STEWART (144892)                      DOUGLAS S. JOHNSTON, JR.
9   RACHEL L. JENSEN (211456)                            TIMOTHY L. MILES
    CHRISTOPHER D. STEWART (270448)                      217 Second Avenue, North
10  655 West Broadway, Suite 1900                        Nashville, TN  37201-1601
    San Diego, CA  92101-3301                            Telephone:  615/244-2202
11  Telephone:  619/231-1058                             615/252-3798 (fax)
    619/231-7423 (fax)                                   gbarrett@barrettjohnston.com
12  travisd@rgrdlaw.com                                  djohnston@barrettjohnston.com
    rachelj@rgrdlaw.com                                  tmiles@barrettjohnston.com
13  cstewart@rgrdlaw.com
    Co-Lead Counsel for Plaintiff

14                        UNITED STATES DISTRICT COURT

15                      NORTHERN DISTRICT OF CALIFORNIA

16
    CITY OF WESTLAND POLICE AND FIRE      )    No. 3:11-cv-02369-SI
17  RETIREMENT SYSTEM, Derivatively on    )
    Behalf of WELLS FARGO & COMPANY,      )    **(Consolidated)**
18                                        )
                            Plaintiff,    )    NOTICE OF PROPOSED DERIVATIVE
19                                        )    SETTLEMENT
           vs.                            )
20                                        )    EXHIBIT A-1
    JOHN G. STUMPF, et al.,               )
21                                        )
                            Defendants,   )
22                                        )
           – and –                        )
23                                        )
    WELLS FARGO & COMPANY, a Delaware     )
24  corporation,                          )
                                          )
25                          Nominal Defendant.  )
                                          )
26  _____  )

27

28

909527_2

**TO:    ALL RECORD HOLDERS AND BENEFICIAL OWNERS OF THE COMMON STOCK OF WELLS FARGO & COMPANY ("WELLS FARGO" OR THE "COMPANY") AS OF APRIL 21, 2014 (THE "RECORD DATE")**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  THIS NOTICE RELATES TO A PROPOSED SETTLEMENT AND DISMISSAL OF THE ABOVE-CAPTIONED DERIVATIVE ACTION (THE "FEDERAL ACTION") AND  A RELATED ACTION PENDING IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN FRANCISCO (THE "STATE ACTION") AND CONTAINS IMPORTANT INFORMATION REGARDING YOUR RIGHTS. YOUR RIGHTS MAY BE AFFECTED BY THESE LEGAL PROCEEDINGS.  IF THE COURT APPROVES THE SETTLEMENT, YOU WILL BE FOREVER BARRED FROM CONTESTING THE APPROVAL OF THE PROPOSED SETTLEMENT AND FROM PURSUING THE RELEASED CLAIMS.**

**IF YOU HOLD WELLS FARGO COMMON STOCK FOR THE BENEFIT OF ANOTHER, PLEASE PROMPTLY TRANSMIT THIS DOCUMENT TO SUCH BENEFICIAL OWNER.**

**THE COURT HAS MADE NO FINDINGS OR DETERMINATIONS CONCERNING THE MERITS OF THE FEDERAL ACTION.  THE RECITATION OF THE BACKGROUND AND CIRCUMSTANCES OF THE SETTLEMENT CONTAINED HEREIN DOES NOT CONSTITUTE THE FINDINGS OF THE COURT.  IT IS BASED ON REPRESENTATIONS MADE TO THE COURT BY COUNSEL FOR THE PARTIES.**

Notice is hereby provided to you of the proposed settlement (the "Settlement") of this stockholder derivative litigation.  This Notice is provided by Order of the United States District Court for the Northern District of California (the "Court").  It is not an expression of any opinion by the Court with respect to the truth of the allegations in the litigation or merits of the claims or defenses asserted by or against any party.  It is solely to notify you of the terms of the proposed Settlement, and your rights related thereto.  The Federal Action and the State Action are collectively referred to as the "Actions."  Capitalized terms not otherwise defined shall have the definitions set forth in a written Stipulation of Settlement, dated April 21, 2014 ("Stipulation").  The Stipulation and all of the exhibits can be viewed and/or downloaded at www.wellsfargo.com.

## I.    WHY THE COMPANY HAS ISSUED THIS NOTICE

Your rights may be affected by the Settlement of the actions styled *City of Westland Police & Fire Retirement System v. Stumpf, et al.*, No. 3:11-cv-02369-SI (N.D. Cal.), and *Montini v. Stumpf, et al.*, Case No. CGC-11-514467 (Cal. Supr. San Francisco).  Federal Plaintiff City of Westland Police and Fire Retirement System ("City of Westland") (on behalf of itself and derivatively on behalf of

1   Wells Fargo); State Plaintiff Samuel Montini (on behalf of himself and derivatively on behalf of

2   Wells Fargo); Settling Defendants John G. Stumpf, Howard I. Atkins, John D. Baker II, John S.

3   Chen, Lloyd H. Dean, Susan E. Engel, Enrique Hernandez, Jr., Donald M. James, Richard D.

4   McCormick, Mackey J. McDonald, Cynthia H. Milligan, Nicholas G. Moore, Philip J. Quigley,

5   Judith M. Runstad, Stephen W. Sanger, Susan G. Swenson and Richard M. Kovacevich; and

6   Nominal Defendant Wells Fargo have agreed upon terms to settle the above-referenced litigation and

7   have signed the Stipulation setting forth those settlement terms.

8           On _____, 2014, at ___ __.m., the Court will hold a hearing (the "Settlement

9   Hearing") in the Federal Action.  The purpose of the Settlement Hearing is to determine: (i) whether

10  the terms of the Settlement are fair, reasonable and adequate, including the separately negotiated

11  amount for Plaintiffs' Counsel's attorneys' fees and expenses, and should be finally approved; (ii)

12  whether a final judgment should be entered and the Federal Action dismissed with prejudice

13  pursuant to the Stipulation; and (iii) such other matters as may be necessary or proper under the

14  circumstances.

15  **II.      SUMMARY OF THE ACTIONS**

16          **A.      Commencement of the Federal Action**

17          The Federal Action arises from Wells Fargo's processing and filing of affidavits and loan

18  ownership documents in home foreclosure proceedings in courts around the country.  As a result of

19  the alleged so-called "robo-signing" at Wells Fargo, the Federal Plaintiff alleges that the Federal

20  Individual Defendants breached their fiduciary duty of loyalty owed to Wells Fargo and its

21  stockholders.

22          The first shareholder derivative action addressing so-called "robo-signing" was filed on

23  May 13, 2011, in the United States District Court for the Northern District of California ("Court").

24  Shortly thereafter, five additional actions were filed in this Court containing substantially similar

25  allegations.

26          On August 3, 2011, after briefing and oral argument, the Court issued an order consolidating

27  the federal derivative actions ("Federal Action") and appointing the City of Westland as Lead

28

1   Plaintiff.  After the Court's ruling on consolidation, several of the plaintiffs in the related actions not

2   selected as lead plaintiffs voluntarily dismissed their actions.

3        **B.        The Motion to Dismiss the Federal Consolidated Complaint**

4        On September 12, 2011, the Federal Plaintiff filed a Consolidated Shareholder Derivative

5   Complaint ("Consolidated Complaint").   In the Consolidated Complaint, the Federal Plaintiff

6   asserted claims on behalf of Wells Fargo against defendants John G. Stumpf, Howard I. Atkins, John

7   D. Baker II, John S. Chen, Lloyd H. Dean, Susan E. Engel, Enrique Hernandez, Jr., Donald M.

8   James, Richard D. McCormick, Mackey J. McDonald, Cynthia H. Milligan, Nicholas G. Moore,

9   Philip J. Quigley, Judith M. Runstad, Stephen W. Sanger, and Susan G. Swenson (the "Federal

10  Individual Defendants") for breach of fiduciary duty, abuse of control, corporate waste, and gross

11  mismanagement.

12       On October 5, 2011, the Federal Individual Defendants filed a Motion to Dismiss the

13  Consolidated Complaint.   In their dismissal motion, the Federal Individual Defendants argued,

14  among other things, that the Consolidated Complaint failed to adequately plead that a pre-suit

15  demand upon the Board of Directors of Wells Fargo ("Wells Fargo Board") was futile.  The Federal

16  Individual Defendants further argued that the Consolidated Complaint failed to state any actionable

17  claim for relief.

18       On November 18, 2011, the Federal Plaintiff filed an Opposition to the Motion to Dismiss

19  the Consolidated Complaint.   In the Opposition, the Federal Plaintiff argued, among other things,

20  that particularized facts set forth in the Consolidated Complaint excused a pre-suit demand upon the

21  Wells Fargo Board.  The Federal Plaintiff also argued that the facts alleged stated claims for relief

22  against each Federal Individual Defendants.

23       On February 9, 2012, the Court, after hearing oral argument, issued an Order Granting In Part

24  and Denying In Part the Motion to Dismiss the Consolidated Complaint.  The Court denied the

25  Federal Individual Defendants' Motion to Dismiss the first claim for relief for fiduciary duty of

26  loyalty; granted the Motion to Dismiss as to the fourth claim for relief for corporate waste with leave

27  to amend; and granted the Motion to Dismiss as to the second and third claims for relief for abuse of

28  control and gross mismanagement without leave to amend.

On February 24, 2012, the Federal Plaintiff filed an Amended Shareholder Derivative Complaint ("Amended Complaint"). In the Amended Complaint, the Federal Plaintiff removed the claims for relief for abuse of control and gross mismanagement and did not attempt to re-plead the claim for relief for corporate waste. As a result, the sole remaining claim for relief in the Federal Action is for breach of fiduciary duty of loyalty against each of the Federal Individual Defendants. The Federal Individual Defendants answered the Amended Complaint on April 16, 2012, denying that they breached their fiduciary duty and asserting a number of affirmative defenses.

### C.  The Federal Individual Defendants' Motion to Bifurcate

On April 13, 2012, the Federal Individual Defendants filed a Motion to Bifurcate Discovery. In the bifurcation motion, the Federal Individual Defendants argued, among other things, that discovery should proceed in two phases. The first phase of discovery, according to the Federal Individual Defendants, should be directed to the issue of demand futility. Then, after discovery has closed in the first phase, the Federal Individual Defendants could bring a motion for summary judgment on the demand futility issues. If the Court found a triable issue of fact on demand futility, the second phase of discovery on all issues in the Amended Complaint would then proceed.

On April 27, 2012, the Federal Plaintiff filed an Opposition to the Motion to Bifurcate. In the Opposition, the Federal Plaintiff argued, among other things, that the Federal Individual Defendants lacked standing to re-litigate the issue of demand futility. In the current posture of the case, the Federal Plaintiff further argued, only a properly constituted Special Litigation Committee possessed the right to attempt to regain control of the derivative claims. The Federal Plaintiff also argued that bifurcating discovery into two phases would cause confusion and delay, and waste scarce judicial resources.

On May 17, 2012, after considering the briefing, the Court issued an Order Denying the Motion to Bifurcate Discovery, but finding that the Federal Individual Defendants could bring a motion for summary judgment on demand futility.

### D.  Discovery and Pre-Trial Proceedings

After the Court's ruling on the Motion to Dismiss, the parties to the Federal Action pursued discovery related to the claim in the Amended Complaint. On March 21, 2012 and April 4, 2012,

respectively, the Federal Plaintiff served Requests for Documents and Interrogatories on the Federal Individual Defendants and Wells Fargo.  After analyzing the Federal Individual Defendants' and Well Fargo's responses and document productions, on November 8, 2012, the Federal Plaintiff served additional Requests for Documents on Wells Fargo, and on November 9, 2012, served Requests for Admissions on the Federal Individual Defendants.  On March 29, 2012, the Federal Plaintiff also Noticed the Deposition of Wells Fargo pursuant to Fed. R. Civ. P. 30(b)(6), which took place on September 25, 2012 and September 27, 2012.

On April 20, 2012, the Federal Individual Defendants and Wells Fargo responded to the Federal Plaintiff's Requests for Documents, objecting on grounds that, among other things, the requests for documents were overly broad, unduly burdensome and irrelevant.  On May 4, 2012, the Federal Individual Defendants and Wells Fargo responded to the Federal Plaintiff's Interrogatories, objecting on grounds that, among other things, the Interrogatories were overly broad, unduly burdensome and premature.

On January 6, 2014, Wells Fargo responded to the Federal Plaintiff's Second Request for Documents, objecting on grounds that, among other things, the requests for documents were overly broad, unduly burdensome and beyond the scope of permissible discovery.  On January 6, 2014, the Federal Individual Defendants served objections to the Federal Plaintiff's Requests for Admissions, objecting on grounds that, among other things, the requests for admissions were overly broad, unduly burdensome and premature.

On June 28, 2012, the Federal Individual Defendants served Requests for Documents and Interrogatories on the Federal Plaintiff, to which the Federal Plaintiff responded on July 30, 2012.

Upon the receipt of discovery responses, the Federal Plaintiff, the Federal Individual Defendants and/or Wells Fargo met and conferred extensively regarding objections to the requested discovery.  The meet and confer process resolved many of the parties' discovery disputes.  As a result, Wells Fargo and the Federal Individual Defendants produced approximately 34,194 pages of documents.  As to the remaining discovery disputes, between July 2, 2012 and December 11, 2012, the Federal Plaintiff, the Federal Individual Defendants and/or Wells Fargo filed several "Discovery

1   Letters" with the Court seeking judicial intervention to resolve disputes regarding, among other

2   things, the scope of discovery and the timeliness of production.

3         **E.      The State Action**

4         On September 21, 2011, the State Plaintiff commenced the State Action by filing a derivative

5   complaint in the Superior Court of California for the County of San Francisco ("State Complaint").[1]

6   In the State Complaint, the State Plaintiff alleged that defendants John G. Stumpf, Howard I. Atkins,

7   John D. Baker II, John S. Chen, Lloyd H. Dean, Susan E. Engel, Enrique Hernandez, Jr., Donald M.

8   James, Richard D. McCormick, Mackey J. McDonald, Cynthia H. Milligan, Nicholas G. Moore,

9   Philip J. Quigley, Judith M. Runstad, Stephen W. Sanger, Susan G. Swenson, and Richard M.

10  Kovacevich (together, the "State Individual Defendants") caused and/or permitted Wells Fargo to

11  execute home foreclosure affidavits without verifying the truth of the information contained within

12  those documents.

13        On November 15, 2011, the State Individual Defendants and Wells Fargo filed a Demurrer to

14  the State Complaint.  In the Demurrer, the State Individual Defendants and Wells Fargo argued,

15  among other things, that the State Plaintiff had not properly pled demand futility with particularity as

16  required by Delaware law.  On February 16, 2012, the State Plaintiff filed an Opposition to the

17  Demurrer.  In the Opposition, the State Plaintiff argued that the State Complaint stated actionable

18  claims.  After oral argument, on May 11, 2012, the State Court issued an order sustaining the

19  Demurrer as to all causes of action in the State Complaint with leave to amend.

20        On July 13, 2012, the State Plaintiff filed a First Amended Complaint ("Amended State

21  Complaint").  On August 8, 2012, the State Individual Defendants and Wells Fargo filed a Demurrer

22  to the Amended State Complaint, which the State Plaintiff opposed on September 7, 2012.  After

23  oral argument, on January 18, 2013, the State Court issued an Order sustaining the Demurrer with

24  leave to amend as to the cause of action for breach of fiduciary duty and with prejudice as to the

25  remaining causes of action.

26

27  _____

    [1]       The action was captioned *Montini v. Stumpf, et al.*, Case No. CGC-11-514467, filed in the

28  Superior Court of California, County of San Francisco.

On January 9, 2014, State Plaintiff filed the Second Amended State Complaint.  In light of the agreement-in-principle to resolve the Actions, the parties to the State Action agreed to stay that action.

### F.    Settlement Negotiations

On December 21, 2012, after preliminary discussions between the parties to the Federal Action regarding possible resolution of the claims, the Settling Parties agreed to pursue formal mediation.

Towards that end, between December 2012 and January 2014, representatives for all of the parties to the Actions engaged in a formal mediation process before the Honorable Layn R. Phillips, United States District Judge (Ret.).  On March 4, 2013 and March 25, 2013, the Settling Parties attended full day mediation sessions presided over by Judge Phillips.

Additional mediation discussions between the Settling Parties took place between and after the in-person mediation sessions.  However, these settlement negotiations failed to produce a resolution of the Actions.  Ultimately, in early January 2014, Judge Phillips issued a Mediator's Proposal to resolve the derivative claims.  Thereafter, on January 16, 2014, the Settling Parties each separately agreed to the Mediator's Proposal and reached agreement on the material terms of the Settlement.

### G.    Board of Directors' Approval of the Settlement Upon Recommendation of Independent Non-Defendant Outside Directors

On January 28, 2014, the Independent Non-Defendant Outside Directors of the Wells Fargo Board, in exercising their business judgment, unanimously approved the Settlement and each of its terms, as set forth in the Stipulation, as in the best interest of Wells Fargo and its stockholders.

## III.    TERMS OF THE PROPOSED DERIVATIVE SETTLEMENT

The principal terms, conditions and other matters that are part of the Settlement, which is subject to approval by the Court, are summarized below.  This summary should be read in conjunction with, and is qualified in its entirety by reference to, the text of the Stipulation, which has been filed with the Court and is available at www.wellsfargo.com.

1     In connection with the prosecution and settlement of the Actions, Settling Defendants

2    acknowledge and agree that the Actions filed by the Plaintiffs precipitated and were a material factor

3    in the adoption and funding for the reforms set forth below.

4     <u>Down Payment Assistance</u>:  Wells Fargo Bank shall seek to enhance its reputation among

5    communities hard hit by foreclosures and declines in real estate values by funding down payment

6    assistance to homebuyers in those certain communities. Wells Fargo anticipates entering into an

7    agreement for the administration of this project with NeighborWorks America, a national nonprofit

8    organization which has experience in providing financial support, technical assistance and training

9    for community-based revitalization or with an equivalent agency mutually acceptable to the parties.

10    The Wells Fargo program – to be called "Community Lift" – or a similarly descriptive term – shall

11    provide individual grants to assist with down payments to eligible buyers, including first time

12    homebuyers or persons who are not currently homeowners, who earn 120% or less than the area

13    median income.  The grants shall be available only for owner-occupied homes and will be made in

14    the form of a forgivable 5-year loan from the non-profit to the homebuyer requiring only that the

15    recipient continue to occupy the premises.  There shall be no requirement that any loan on the

16    property purchased by a grantee be made through Wells Fargo.

17     The program shall be launched through community events publicized by purchased media

18    (print and radio), Wells Fargo's website, bank store promotions, media conferences, coordination

19    with local government, and other forms of local outreach.  The launch event shall allow for pre-

20    approval for down payment assistance on site and sign-ups for home buying and down payment

21    assistance education, and presentations of affordable homes.

22     Wells Fargo shall commit no less than $36.5 million to the program, including $7,500,000

23    within the Stockton/Modesto/Fresno Metropolitan Statistical Area ("MSA"); $4,750,000 in the

24    Bakersfield, California MSA; $5,250,000 in the Detroit, Michigan MSA; $4,750,000 in the

25    Albuquerque, New Mexico MSA; $4,750,000 in Virginia Beach, Virginia MSA; $4,750,000 in the

26    St. Louis, Missouri MSA; and $4,750,000 in the New Haven, Connecticut MSA with $650,000 in

27    each market allocated to the costs and expenses for launching the program in that market and the

28    remainder granted to the local NeighborWorks affiliate, which will use a portion of the funds from

1   Wells Fargo to administer the program and the remainder for grants to homebuyers.  The individual

2   grant size is expected to be $15,000, with final grant amounts based on Wells Fargo's then-current

3   assessment of the most effective level of assistance.

4        Wells Fargo shall launch the program in each market by December 31, 2015, and expects that

5   the down payment assistance funds will be fully utilized by grants to homebuyers within two years

6   of the launch in each market.

7        <u>Credit Counseling Services</u>:  Wells Fargo shall commit no less than $6 million to provide

8   counseling to Wells Fargo customers experiencing mortgage payment challenges, none of which will

9   include Wells Fargo's costs of administration of the program.  The counseling will be provided

10  across the country through a network of local, HUD-certified, non-profit housing counselors who

11  will, at no customer cost, help customers with credit-related needs, including creating a budget,

12  managing debt, understanding housing opportunities and options to prevent and recover from

13  foreclosure, and finding ways to maintain financial health.  The program's availability shall be

14  marketed to customers who are delinquent in their debt by direct mail from Wells Fargo, by Home

15  Preservation Workshops set up by the non-profits and/or Wells Fargo, and directly by the non-profit

16  organizations through their own marketing efforts.

17       <u>Home Loan Mortgage Integration</u>:  Wells Fargo's residential mortgage servicing systems of

18  records are used to enable Wells Fargo to perform its obligations as servicer of residential

19  mortgages, including default and foreclosure services and interfacing with borrowers and investors

20  who own the mortgages being serviced.  These systems are critical to the proper execution of the

21  Company's foreclosure procedures.  Wells Fargo shall consolidate and integrate its residential

22  mortgage servicing systems of record into a unified Wells Fargo Home Mortgage servicing platform

23  in order to enhance the functionality of these systems. This platform integration will unify the

24  residential mortgage loan servicing portfolios of Wells Fargo Financial, Wells Fargo Home

25  Mortgage and the legacy Wachovia/Golden West residential mortgage platform.

26       The consolidation and integration of these residential mortgage servicing systems of record

27  into a unified Wells Fargo Home Mortgage servicing platform will substantially benefit the

28  Company by enhancing Wells Fargo's ability to provide services to borrowers, by eliminating the

1   risk of inconsistent operating processes and by enhancing compliance with applicable rules and

2   regulations.

3          Wells Fargo believes that the value of the unification of the servicing platforms will

4   significantly exceed the costs of the integration.  It estimates, based upon analytical and technical

5   review performed with input from outside consultants, that the cost of this platform integration will

6   exceed $24.5 million.  Although its schedule of completion could be negatively impacted by external

7   factors beyond its control, such as regulatory requirements or changes in applicable laws and

8   regulations, Wells Fargo expects to have its integrated servicing platform in place by approximately

9   June, 2015 with two of the three loan portfolios; the third portfolio is expected to transfer to the new

10  platform by approximately December, 2015.  Should the schedule require alteration as a result of any

11  such external and/or unanticipated factors, counsel for Wells Fargo will promptly notify Judge Ware

12  and counsel for Plaintiffs.

13          <u>Monitoring and Dispute Resolution</u>:  Beginning six (6) months after final approval of the

14  Settlement by the Court, Wells Fargo shall submit semi-annual written progress reports describing

15  the distribution and effectiveness of the funds available under the down payment assistance and

16  credit counseling programs described above, including the number of grants made, customers

17  counseled, homes purchased, and amounts expended by Wells Fargo.  On the same timetable, Wells

18  Fargo shall submit a progress report pertaining to the status of the mortgage platform integration

19  described above.  The progress reports shall be delivered to the Plaintiffs' designated representative

20  and to the Honorable James Ware, United States District Judge (Ret.), who shall review the reports

21  and, at his discretion, address questions to counsel or the parties or seek additional materials, in order

22  to determine if Wells Fargo's obligations hereunder are being met in a timely fashion.

23          Should any disputes arise between Plaintiffs and Wells Fargo regarding compliance with the

24  terms of the Settlement, including the distribution, effectiveness and/or timeliness of the down

25  payment assistance, credit counseling and/or mortgage platform integration based on the information

26  provided by Wells Fargo in the above-referenced reports, Plaintiffs and Wells Fargo shall first

27  submit such dispute(s) to Judge Ware for resolution by mediation.  Should mediation fail to resolve

28  the dispute(s), either of the parties may seek relief from the Court, which will retain jurisdiction over

1    this matter solely for this purpose. The fees and costs of Judge Ware's monitoring and dispute

2    resolution services will be split equally between Plaintiffs and Wells Fargo.

3              Stockholder Proposals: The following policy to evaluate stockholder proposals shall be

4    adopted by the Wells Fargo Board at the next regularly scheduled meeting of the Wells Fargo Board

5    following final approval of the Settlement by the Court, provided that such meeting is not earlier

6    than 30 days after approval by the Court; such policy shall remain in place for a period of at least

7    four (4) years.

8              No later than the last day of the month in which stockholder proposals are due, the Company

9    shall distribute to the entire Wells Fargo Board all proposals received by the Company. After the

10   distribution to the Wells Fargo Board, and before the making of any recommendation to the Wells

11   Fargo Board or any of its members concerning a response, approval or disapproval, Wells Fargo's

12   law department and senior management shall discuss with the Lead Director and Chair of any Wells

13   Fargo Board committee responsible for oversight of the subject matter of the proposal, if applicable,

14   the financial, legal, practical and social implications of approval and implementation of the proposal.

15             Where a stockholder proposal has been made by any stockholder holding at least 0.5% of the

16   Company's outstanding shares as of the Company's last-filed Form 10-Q or 10-K, the Company

17   shall timely contact the proponent of the proposal to arrange a teleconference or an in person

18   meeting to discuss the proposal and its financial, legal, social and practical implications. If the

19   proponent agrees to a meeting or teleconference, the Lead Director and/or Chair of any Wells Fargo

20   Board committee responsible for the oversight of the subject matter of the proposal shall attend.

21             Wells Fargo's law department and senior management, with the authorization of the Lead

22   Director or the Chair of any Wells Fargo Board committee responsible for oversight of the subject

23   matter of the proposal may prepare a response to the shareholder proposal and/or submit a no-action

24   request to the Securities and Exchange Commission ("SEC") pursuant to Securities Exchange Act of

25   1934 §14, and SEC Rule 14a-8, promulgated thereunder.

26             Before the filing of a proxy statement, which makes a recommendation concerning any

27   stockholder proposal, a draft of the recommendation shall be reviewed and approved by the Wells

28   Fargo Board.

1    The Wells Fargo Board is authorized at its discretion to engage outside counsel or other

2 advisors to assist in their review of any shareholder proposal at the expense of the Company.

3    <u>Stock Pledges</u>:  The following policy establishing a ban on stock pledges shall be adopted by

4 the Wells Fargo Board at the next regularly scheduled meeting of the Wells Fargo Board following

5 final approval of the Settlement by the Court, provided that such meeting is not earlier than 30 days

6 after approval by the Court; such policy shall remain in place for a period of at least four (4) years.

7    No member of the Wells Fargo Board may pledge their equity securities of the Company in

8 connection with a margin or similar loan transaction.

9    Wells Fargo, by and through the Independent Non-Defendant Outside Directors,

10 acknowledges and agrees that corporate governance enhancements identified herein confer a

11 substantial benefit to Wells Fargo and its stockholders as part of the settlement of the Federal Action

12 and the State Action.

13 **IV.    PLAINTIFFS' COUNSEL'S SEPARATELY NEGOTIATED
         ATTORNEYS' FEES AND EXPENSES**

14

15    After negotiating the principle terms of the Settlement, Lead Settlement Counsel and Wells

16 Fargo, by and through its Independent Non-Defendant Outside Directors, with the assistance of the

17 mediator, the Honorable Layn R. Phillips (Ret.), negotiated the attorneys' fees and expenses that

18 Wells Fargo would pay to Plaintiffs' Counsel, subject to Court approval.  As a result of these

19 negotiations, and in light of the substantial benefit conferred, Wells Fargo agreed to pay $16,000,000

20 to Plaintiffs' Counsel for their fees and expenses ("Fee and Expense Award").  The Fee and Expense

21 Award includes fees and expenses incurred by Plaintiffs' Counsel in connection with the prosecution

22 and settlement of the litigation.  To date, Plaintiffs' Counsel have not received any payments for

23 their efforts on behalf of Wells Fargo stockholders.  The Fee and Expense Award will compensate

24 Plaintiffs' Counsel for the results achieved in the litigation.

25 **V.    REASONS FOR THE SETTLEMENT**

26    The Settling Parties have determined that it is desirable and beneficial that the Actions, and

27 all of their disputes related thereto, be fully and finally settled in the manner and upon the terms and

28

NOTICE OF PROPOSED DERIVATIVE SETTLEMENT - 3:11-cv-02369-SI          - 12 -

1  conditions set forth in the Stipulation and Plaintiffs' Counsel believe that the Settlement is in the best

2  interests of the Settling Parties, Wells Fargo and its stockholders.

3  **H.    Why Did the Settling Defendants Agree to Settle?**

4         The Settling Defendants have denied and continue to deny each and every one of the claims

5  and  contentions alleged by the Plaintiffs in the Actions.  The Settling Defendants expressly have

6  denied and continue to deny all allegations of wrongdoing or liability against them arising out of any

7  of the conduct, statements, acts or omissions alleged, or that could have been alleged in the Actions,

8  and contend that many of the factual allegations in the Actions are untrue and  materially inaccurate.

9  The Settling Defendants have denied and continue to deny that they breached their fiduciary duties

10 or any other duty owed to Wells Fargo or its stockholders, or that Plaintiffs, Wells Fargo or its

11 stockholders have suffered any damages or were harmed by the conduct alleged in the Actions or

12 otherwise.  The Settling Defendants have further asserted and continue to assert that at all relevant

13 times, they acted in good faith and in a manner they reasonably believed to be in the bests ? interests

14 of Wells Fargo and its stockholders.  Pursuant to the terms set forth therein, the Stipulation shall in

15 no event be construed as or deemed to be evidence of an admission or concession by any of the

16 Settling Defendants with respect to any claim of fault, liability, wrongdoing or damage whatsoever.

17        Nonetheless, the Settling Defendants also have taken into account the expense, uncertainty

18 and risks inherent in any litigation, especially in complex cases like the Actions.  Therefore, the

19 Settling Defendants have determined that it is desirable and beneficial that the Actions, and all of the

20 Settling Parties' disputes relating thereto, be fully and finally settled in the manner and upon the

21 terms and conditions set forth in the Stipulation.

22 **I.     Why Did Plaintiffs Agree to Settle?**

23        Plaintiffs and their counsel believe that the claims asserted in the Actions have merit.

24 However, Plaintiffs and their counsel recognize and acknowledge the expense and length of

25 continued proceedings necessary to prosecute the Actions against the Settling Defendants through

26 trial and appeal.  Plaintiffs and their counsel also have taken into account the uncertain outcome and

27 the risk of any litigation, especially in complex actions such as the Actions, as well as the difficulties

28 and delays inherent in such litigation.  Plaintiffs and their counsel also are mindful of the inherent

1   problems of proof of, and possible defenses to, the violations asserted in the Actions.  Based on

2   Plaintiffs' and their counsel's understanding of the facts, Plaintiffs and their counsel believe the

3   Settlement provides an outstanding recovery based on the alleged conduct of the Settling

4   Defendants.  Based on their evaluation, Plaintiffs and their counsel have determined that the

5   Settlement set forth in the Stipulation is in the best interests of Wells Fargo.

6   **VI.   SETTLEMENT HEARING**

7           On _____, 2014, at _____ __.m., the Court will hold the Settlement

8   Hearing at 450 Golden Gate Avenue, San Francisco, California 94102.  At the Settlement Hearing,

9   the Court will consider whether the terms of the Settlement are fair, reasonable and adequate and

10  thus should be finally approved, whether the separately negotiated Fee and Expense Award should

11  be approved and whether the Federal Action should be dismissed with prejudice pursuant to the

12  Stipulation.

13          Pending determination of whether the Settlement should be approved, no Wells Fargo

14  stockholder, either directly, representatively, derivatively or in any other capacity, shall commence

15  or prosecute against any of the Released Persons, any action or proceeding in any court,

16  administrative agency or other tribunal asserting any of the Released Claims.

17  **VII.   RIGHT TO ATTEND SETTLEMENT HEARING**

18          Any current Wells Fargo stockholder may, but is not required to, appear in person at the

19  Settlement Hearing.  If you want to be heard at the Settlement Hearing, then you must first comply

20  with the procedures for objecting, which are set forth below.  The Court has the right to change the

21  hearing date or time without further notice.  Thus, if you are planning to attend the Settlement

22  Hearing, you should confirm the date and time before going to the Court.  ***CURRENT WELLS***

23  ***FARGO STOCKHOLDERS WHO HAVE NO OBJECTION TO THE SETTLEMENT DO NOT***

24  ***NEED TO APPEAR AT THE SETTLEMENT HEARING OR TAKE ANY OTHER ACTION***.

25  **VIII.   RIGHT TO OBJECT TO THE PROPOSED DERIVATIVE SETTLEMENT
          AND PROCEDURES FOR DOING SO**

26

27          Any current Wells Fargo stockholder may appear and show cause, if he, she or it has any

28  reason why the Settlement of the Actions should not be approved as fair, reasonable and adequate, or

1   why a judgment should not be entered thereon, or why separately negotiated attorneys' fees and

2   expenses should not be approved.  You must object in writing, and you may request to be heard at

3   the Settlement Hearing.  If you choose to object, then you must follow these procedures.

### J.   You Must Make Detailed Objections in Writing

5   Any objections must be presented in writing and must contain the following information:

6   1.   Your name, legal address, and telephone number;

7   2.   Proof of being a Wells Fargo stockholder as of the Record Date;

8   3.   The date(s) you acquired your Wells Fargo shares;

9   4.   A statement of your position with respect to the matters to be heard at the Settlement

10  Hearing, including a statement of each objection being made;

11  5.   Notice of whether you intend to appear at the Settlement Hearing (this is not required

12  if you have lodged your objection with the Court); and

13  6.   Copies of any papers you intend to submit to the Court, along with the names of any

14  witness(es) you intend to call to testify at the Settlement Hearing and the subject(s) of their

15  testimony.

16  The Court may not consider any objection that does not substantially comply with these

17  requirements.

### K.   You Must Timely Deliver Written Objections to the Court and Counsel for Plaintiffs, Defendants and Wells Fargo

20  YOUR WRITTEN OBJECTIONS MUST BE ON FILE WITH THE CLERK OF THE

21  COURT NO LATER THAN _____, 2014.  The Court Clerk's address is:

22      Clerk of the Court
        United States District Court
23      Northern District of California
        450 Golden Gate Avenue
24      San Francisco, CA 94102

25  YOU ALSO MUST DELIVER COPIES OF THE MATERIALS TO COUNSEL FOR

26  PLAINTIFFS, DEFENDANTS AND WELLS FARGO SO THEY ARE RECEIVED NO LATER

27  THAN _____, 2014.  Counsel's addresses are:

28

1

***Counsel for Federal Plaintiff***:

2
3
4

Ellen Gusikoff Stewart
ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101

5

***Counsel for State Plaintiff***:

6
7

Shane P. Sanders
ROBBINS ARROYO LLP
600 B Street, Suite 1900
San Diego, CA  92101

8
9

***Counsel for Nominal Defendant Wells Fargo***:

10
11

Barbara H. Wright
WELLS FARGO & COMPANY
One Wells Fargo Center
32nd Floor, D1053-300
Charlotte, NC 28202

12
13
14
15

***Counsel for Defendants John G. Stumpf, Howard I. Atkins, John D.
Baker II, John S. Chen, Lloyd H. Dean, Susan E. Engel, Enrique
Hernandez, Jr., Donald M. James, Richard D. McCormick, Mackey J.
McDonald, Cynthia H. Milligan, Nicholas G. Moore, Philip J. Quigley,
Judith M. Runstad, Steven W. Sanger and Susan G. Swenson***:

16
17

Gilbert R. Serota
ARNOLD & PORTER LLP
Three Embarcadero Center, 7th Floor
San Francisco, CA  94111-4024

18   Unless the Court orders otherwise, your objection will not be considered unless it is timely filed with

19   the Court and delivered to counsel for Plaintiffs, the Defendants and Wells Fargo.

20          Any Person or entity who fails to object or otherwise request to be heard in the manner

21   prescribed above will be deemed to have waived the right to object to any aspect of the Settlement

22   as incorporated in the Stipulation or otherwise request to be heard (including the right to appeal) and

23   will be forever barred from raising such objection or request to be heard in this or any other action or

24   proceeding, and, unless otherwise ordered by the Court, shall be bound by the Judgment to be

25   entered and the releases to be given.

26   **IX.    HOW TO OBTAIN ADDITIONAL INFORMATION**

27          This Notice summarizes the Stipulation.  It is not a complete statement of the events of the

28   Actions or the Settlement contained in the Stipulation.

1    You may inspect the Stipulation and other papers in the Federal Action at the United States

2    District Clerk's office at any time during regular business hours of each business day.  The Clerk's

3    office is located at the United States District Court for the Northern District of California, 450

4    Golden Gate Avenue, San Francisco, California 94102.  However, you must appear in person to

5    inspect these documents.  The Clerk's office will not mail copies to you.  You may also view and

6    download the Stipulation at www.wellsfargo.com.

7    If you have any questions about matters in this Notice you may contact by telephone at

8    1-800-449-4900 or in writing Rick Nelson, c/o Shareholder Relations, Robbins Geller Rudman &

9    Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101.

10    PLEASE DO NOT CALL, WRITE, OR OTHERWISE DIRECT QUESTIONS TO EITHER

11    THE COURT OR THE CLERK'S OFFICE.

12    DATED _____, 2014                    BY ORDER OF THE COURT
                                                UNITED STATES DISTRICT COURT
13                                              NORTHERN DISTRICT OF CALIFORNIA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A-2

1  ROBBINS GELLER RUDMAN
     & DOWD LLP
2  SHAWN A. WILLIAMS (213113)
   AELISH M. BAIG (201279)
3  EKATERINI M. POLYCHRONOPOULOS (284838)
   Post Montgomery Center
4  One Montgomery Street, Suite 1800
   San Francisco, CA  94104
5  Telephone:  415/288-4545
   415/288-4534 (fax)
6  shawnw@rgrdlaw.com
   aelishb@rgrdlaw.com
7  katerinap@rgrdlaw.com
   – and –                                                    BARRETT JOHNSTON, LLC
8  TRAVIS E. DOWNS III (148274)                      GEORGE E. BARRETT
   ELLEN GUSIKOFF STEWART (144892)          DOUGLAS S. JOHNSTON, JR.
9  RACHEL L. JENSEN (211456)                        TIMOTHY L. MILES
   CHRISTOPHER D. STEWART (270448)          217 Second Avenue, North
10 655 West Broadway, Suite 1900                    Nashville, TN  37201-1601
   San Diego, CA  92101-3301                          Telephone:  615/244-2202
11 Telephone:  619/231-1058                           615/252-3798 (fax)
   619/231-7423 (fax)                                    gbarrett@barrettjohnston.com
12 travisd@rgrdlaw.com                                  djohnston@barrettjohnston.com
   rachelj@rgrdlaw.com                                   tmiles@barrettjohnston.com
13 cstewart@rgrdlaw.com
   Co-Lead Counsel for Plaintiff

14                              UNITED STATES DISTRICT COURT

15                           NORTHERN DISTRICT OF CALIFORNIA

16
   CITY OF WESTLAND POLICE AND FIRE          )   No. 3:11-cv-02369-SI
17 RETIREMENT SYSTEM, Derivatively on        )
   Behalf of WELLS FARGO & COMPANY,          )   **(Consolidated)**
18                                                               )
                                       Plaintiff,        )   SHORT-FORM NOTICE OF PROPOSED
19                                                               )   DERIVATIVE SETTLEMENT
              vs.                                             )
20                                                               )   EXHIBIT A-2
   JOHN G. STUMPF, et al.,                          )
21                                                               )
                                       Defendants,     )
22                                                               )
              – and –                                        )
23                                                               )
   WELLS FARGO & COMPANY, a Delaware      )
24 corporation,                                              )
                                                                  )
25                                       Nominal Defendant.  )
                                                                  )
26 ─────────────────────────────
27
28

909538_2

1   TO:   **ALL RECORD HOLDERS AND BENEFICIAL OWNERS OF COMMON STOCK OF WELLS FARGO & COMPANY ("WELLS FARGO" OR THE "COMPANY") AS OF APRIL 21, 2014 (THE "RECORD DATE")**
2

3       PLEASE TAKE NOTICE that the above-captioned shareholder derivative action (the

4   "Federal Action"), as well as the action in San Francisco Superior Court entitled *Montini v. Stumpf,*

5   *et al.*, Case No. CGC-11-514467 (the "State Action"), are being settled on the terms set forth in a

6   Stipulation of Settlement, dated April 21, 2014 (the "Stipulation" or "Settlement").[1] Under the terms

7   of the Stipulation, as a part of the proposed Settlement, Wells Fargo shall adopt and provide funding

8   for certain corporate governance enhancements, including down payment assistance, credit

9   counseling services, and others in the amount of $67.5 million. These reforms are designed to

10  address the claims asserted in the Actions and to improve the effectiveness and efficiency of Wells

11  Fargo's governance systems and internal controls, as well as to enhance the Wells Fargo Board of

12  Directors' responsiveness to Wells Fargo stockholders.

13      On January 28, 2014, the Independent Non-Defendant Outside Directors of the Wells Fargo

14  Board of Directors, in exercising their business judgment, approved the proposed Settlement, and

15  each of its terms, as in the best interests of Wells Fargo and its stockholders. Settling Defendants

16  agree and acknowledge that these reforms confer a substantial benefit upon Wells Fargo and its

17  stockholders.

18      In light of the substantial benefit conferred upon Wells Fargo by Plaintiffs' Counsel's efforts,

19  the Company, by and through its Independent Non-Defendant Outside Directors, has agreed to pay

20  Plaintiffs' Counsel $16,000,000 in attorneys' fees and expenses, subject to court approval.

21      IF YOU WERE A RECORD OR BENEFICIAL OWNER OF WELLS FARGO COMMON

22  STOCK AS OF _____, 2014, PLEASE READ THIS NOTICE CAREFULLY AND IN

23  ITS ENTIRETY AS YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THE

24  ABOVE-REFERENCED LITIGATION.

25

26  _____
    [1]   This notice should be read in conjunction with, and is qualified in its entirety by reference to, the
27  text of the Stipulation, which has been filed with the United States District Court for the Northern
    District of California and is available at www.wellsfargo.com. All capitalized terms herein have the
28  same meanings as set forth in the Stipulation.

1          On _____, 2014, at _____ _.m., a hearing (the "Settlement Hearing") will be held

2  at the United States District Court for the Northern District of California, 450 Golden Gate Avenue,

3  San Francisco, CA 94102, before the Honorable Susan Illston, to determine: (1) whether the terms of

4  the proposed Settlement, including the separately negotiated attorneys' fees and expenses, should be

5  approved as fair, reasonable and adequate; and (2) whether the Federal Action should be dismissed

6  on the merits and with prejudice on the terms set forth in the Stipulation.

7          Any stockholder of Wells Fargo that objects to the Settlement shall have a right to appear and

8  to be heard at the Settlement Hearing, provided that he, she or it was a stockholder of record or

9  beneficial owner as of _____, 2014.  Any stockholder of Wells Fargo who satisfies this

10  requirement may enter an appearance through counsel of such stockholder's own choosing and at

11  such stockholder's own expense or may appear on their own.  However, no stockholder of Wells

12  Fargo shall be heard at the Settlement Hearing unless no later than 21 days before the date of the

13  Settlement Hearing, _____, 2014, such stockholder has filed with the Court and

14  delivered to counsel for the Settling Parties, a written notice of objection containing the following

15  information:

16      1.  Your name, legal address, and telephone number;

17      2.  Proof of being a Wells Fargo stockholder as of the Record Date;

18      3.  The date(s) you acquired your Wells Fargo shares;

19      4.  A statement of your position with respect to the matters to be heard at the Settlement

20          Hearing, including a statement of each objection being made;

21      5.  Notice of whether you intend to appear at the Settlement Hearing (this is not required if

22          you have lodged your objection with the Court); and

23      6.  Copies of any papers you intend to submit to the Court, along with the names of any

24          witness(es) you intend to call to testify at the Settlement Hearing and the subject(s) of

25          their testimony.

26          Only stockholders who have filed and delivered valid and timely written notices of objection

27  will be entitled to be heard at the Settlement Hearing unless the Court orders otherwise.

28

1    If you wish to object to the proposed Settlement, you must file the written objection

2  described above with the Court on or before _____, 2014 with service on the following

3  parties:

4    ***Counsel for Federal Plaintiff***:

5    Ellen Gusikoff Stewart
     ROBBINS GELLER RUDMAN
6       & DOWD LLP
     655 West Broadway, Suite 1900
7    San Diego, CA  92101

8    ***Counsel for State Plaintiff***:

9    Shane P. Sanders
     ROBBINS ARROYO LLP
10   600 B Street, Suite 1900
     San Diego, CA  92101

11   ***Counsel for Nominal Defendant Wells Fargo***:

12
     Barbara H. Wright
13   WELLS FARGO & COMPANY
     One Wells Fargo Center
14   32nd Floor, D1053-300
     Charlotte, NC 28202

15
     ***Counsel for Defendants John G. Stumpf, Howard I. Atkins, John D.***
16   ***Baker II, John S. Chen, Lloyd H. Dean, Susan E. Engel, Enrique***
     ***Hernandez, Jr., Donald M. James, Richard D. McCormick, Mackey J.***
17   ***McDonald, Cynthia H. Milligan, Nicholas G. Moore, Philip J. Quigley,***
     ***Judith M. Runstad, Steven W. Sanger and Susan G. Swenson***:

18
     Gilbert R. Serota
19   ARNOLD & PORTER LLP
     Three Embarcadero Center, 7th Floor
20   San Francisco, CA  94111-4024

21    Any Wells Fargo stockholder as of _____, 2014, who does not make his, her or its

22  objection in the manner provided herein shall be deemed to have waived such objection and shall be

23  forever foreclosed from making any objection to the fairness, reasonableness or adequacy of the

24  Settlement as incorporated in the Stipulation and/or to the separately negotiated attorneys' fees and

25  expenses to Plaintiffs' Counsel, unless otherwise ordered by the Court, but shall otherwise be bound

26  by the Judgment to be entered and the releases to be given.

27

28

1    Inquiries may be made to Plaintiffs' Counsel: Rick Nelson, c/o Shareholder Relations,

2  Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101;

3  telephone 1-800-449-4900.

4    **PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE**

5
DATED _____, 2014              BY ORDER OF THE COURT
6                                      UNITED STATES DISTRICT COURT
                                       NORTHERN DISTRICT OF CALIFORNIA
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28